UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

JEAN FAINBRUN

Plaintiff,

05 CV 4364 (DLI)

-against-

**NOTICE OF
MOTION**

SOUTHWEST CREDIT SYSTEMS, INC.

Defendant.

------------------------------------------------------------------------

**PLEASE TAKE NOTICE,** that upon the appended memorandum of law with attached

exhibits pursuant to Fed. R. Civ. P. 56, plaintiff will move before the Honorable Dora L.

Irizarry, United States District Court, Eastern District of New York at 225 Cadman Plaza

East, Brooklyn, New York on a date determined by the Court for an Order granting

plaintiff's motion for summary judgment, and such other relief as this Honorable Court

deems just and proper.

Dated: Woodmere, New York
       November 1, 2006

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile  (516) 791-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

JEAN FAINBRUN,

                      Plaintiff,

vs.

SOUTHWEST CREDIT SYSTEMS, LP,           05 CV 4364 (DLI)

                    Defendant.

-----------------------------------------------------------

## PLAINTIFF'S RULE 56 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED, IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1,

Plaintiff submits this Statement of Material Facts in support of his motion for summary

judgment:

1. Plaintiff is a consumer as that term is defined by section 1692(a)(3) of the FDCPA.

2. Defendant is a debt collector, regularly engaged in the collection of debts owed by consumers, as that term is defined in section 1692(a)(06) of the FDCPA.

3. This action was brought pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. On a date prior to January of 2004, Defendant began attempting to collect a debt alleged to be owed by Plaintiff.

5. On or about January 13, 2004, Defendant sent Plaintiff an initial collection letter seeking to collect a consumer debt. See copy of the letter attached to the complaint.

6. Said letter states in part: "Our records indicate that this debt remains unpaid. This shall serve as notification that unless you contact this office immediately to establish payment arrangements for payment, we will be required to proceed with collection efforts on your account. We have previously informed you that Southwest Credit has the right to report information regarding your account to all major credit reporting agencies. Late payments, missed payments, or other defaults may be reflected on your credit report."

7. Defendant acknowledges that it does not report late payments or missed payments. Additionally, the only default that the defendant reports is the initial reporting of the account to the credit bureaus. Deposition of Jeff Hurt (Hurt Deposition), dated September 14, 2006, at pp. 6-10.

8. Defendant acknowledges it has sent approximately 20,000 letters similar to those sent to Plaintiff. Hurt Deposition at pp. 10-11.

Dated: Woodmere, New York
November 1, 2006

ADAM J. FISHBEIN, P.C. (AF- 9508)
Attorney for Plaintiff
Attorney at Law
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 791-4400
Facsimile: (516) 791-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

JEAN FAINBRUN,

                              Plaintiff,

        -against-

SOUTHWEST CREDIT SYSTEMS, LP,                    05 CV 4364 (DLI)

                              Defendant.

-----------------------------------------------------------

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff submits this brief in support of his Motion for Summary Judgment. Plaintiff alleges that Defendant violated §1692g based upon language contained in Defendant's correspondence. For the reasons set forth herein, Plaintiff's claim pursuant to the Fair Debt Collection Practices Act, §1692 et seq. (FDCPA) should be granted.

### JURISDICTIONAL STATEMENT

This action was brought pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex v. Catrett,*

1

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate the absence of any material factual issue genuinely in dispute. *See id.* A material fact is one whose resolution would "affect the outcome of the suit under governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986). The party must produce specific facts sufficient to establish that there is genuine factual issue for trial. *Celotex,* 477 U.S. at 322-23, 106 S.Ct. 2548. On motions for summary judgment the court will not try issues of fact, but will determine only if there are issues to be tried. *See Donahue v. Windsor Locks Bd. Of Fire Commissioners,* 834 F.2d 54, 55 (2d Cir. 1987). The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment. *McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir. 1997).

## DISCUSSION

The FDCPA establishes a general prohibition against the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Moreover, a single violation of Section 1692e is sufficient to

establish civil liability under the FDCPA. *See Clomon v. Jackson,* 988 F.2d at 1318; 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter"); *See also Dutton v. Wolhar*, 809 F.Supp. 1130, 1141 (D.Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice).

Plaintiff submits that the following language violates the FDCPA: "Our records indicate that this debt remains unpaid. This shall serve as notification that unless you contact this office immediately to establish payment arrangements for payment, we will be required to proceed with collection efforts on your account. We have previously informed you that Southwest Credit has the right to report information regarding your account to all major credit reporting agencies. Late payments, missed payments, or other defaults may be reflected on your credit report."

At the defendant's deposition, the deponent testified that the defendant does not report late payments or missed payments; and that the only default Defendant reports is the initial reporting of the account to the credit bureaus. Therefore, defendant has provided false credit information and engaged in deceptive practices in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

There is no material dispute as to the contents of the letter from Defendant. The misrepresentation by Defendant that it reports "late payments, missed payments, or other defaults . . ." is completely deceptive; and such contradictory messages to consumers has been held to be a violation of the FDCPA. *See, e.g., Russell,* 74 F.3d at 33- 36; *Miller v.*

3

*Payco-Gen. Am. Credits, Inc.,* 943 F.2d 482 (4th Cir.1991); *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1991). Applying the least sophisticated consumer standard, it is clear that the Defendant's communications to Plaintiff contain contradictory or overshadowing language and, thus, mislead. The language of the debt collection letter here, standing alone, "make[s] the least sophisticated consumer uncertain as to her rights." *See Savino v. Computer Credit, Inc.,* 164 F.3d 81, 85 (2d Cir.1998); *Russell,* 74 F.3d at 35.

Accordingly, Defendant's letter violated the FDCPA as a matter of law and Plaintiff is entitled to judgment based thereon.

## CONCLUSION

Plaintiff requests this court grant its Motion for Summary Judgment.

Dated: Woodmere, New York
November 1, 2006

ADAM J. FISHBEIN, P.C. (AF- 9508)
Attorney for Plaintiff
Attorney at Law
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 791-4400
Facsimile: (516) 791-4411

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------

JEAN FAINBRUN on behalf of himself
and all others similarly situated

Plaintiff,

-against-

SOUTHWEST CREDIT SYSTEMS, L.P.

Defendant.

--------------------------------------------------------------

R E C E I V E D
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★  SEP 1 5 2005  ★

E N T E R E D

★ ───────── ★

# CV 05 4364

# IRIZARRY, J.

## CLASS ACTION COMPLAINT      POHORELSKY, M.

### *Introduction*

1.  Plaintiff Jean Fainbrun seeks redress for the illegal practices of Southwest Credit

    Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection

    Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in

    that the alleged debt that defendant sought to collect from plaintiff is a consumer debt,

    purportedly owed to T-Mobile.

4.  Upon information and belief, defendant is a foreign corporation with its principal place

    of business is located in Plano, Texas.

-1-

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.
      Venue is also proper in this district since the defendant transacts business in this district
      and the collection letter was sent into this district.

### *Allegations Particular to Jean Fainbrun*

9.    On information and belief, on a date better known by defendant, defendant began to
      attempt to collect an alleged consumer debt from the plaintiff.

10.   On information and belief, on or about March 16, 2005 defendant sent the plaintiff a
      collection letter seeking to collect a balance allegedly incurred for personal purposes for
      cellular telephone service through T-Mobile.

11.   Said letter states in pertinent part as follows: "Our records indicate that this debt
      remains unpaid. This shall serve as notification that unless you contact this office
      immediately to establish payment arrangements for payment, we will be required to
      proceed with collection efforts on your account. We have previously informed you that
      Southwest Credit has the right to report information regarding your account to all major

-2-

credit reporting agencies. Late payments, missed payments, or other defaults may be
reflected on your credit report."

12. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§
1692e(5), 1692e(8) and 1692e(10) for engaging in falsely threatening and deceptive
practices and for stating false credit information.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the
members of a class, as against the defendant.*

13. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if
set forth fully in this cause of action.

14. This count is brought on behalf of plaintiff and the members of a class.

15. The Class consists of consumers who received the same form letter, as did the plaintiff.

16. The Class consists of all persons whom Defendant's records reflect resided in the State
of New York or in the United States depending upon numerosity, and who were sent a
collection letter (a) bearing the defendant's letterhead in substantially the same form as
the letter sent to the plaintiff on or about March 16, 2005 (b) the collection letter was
sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was
not returned by the postal service as undelivered, (d) and that the letter contained
violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
preferable in this case because:

-3-

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

19. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

-4-

20.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class
        pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21.     Collection letters, such as those sent by the defendant are to be evaluated by the
        objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22.     The defendant's actions as set forth above in the within complaint violates the Fair Debt
        Collection Practices Act.

23.     Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff
        and the members of the class are entitled to damages in accordance with the Fair Debt
        Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf
of the members of the class, and against the defendant and award damages as follows:

        (a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

        (b)     Attorney fees, litigation expenses and costs incurred in bringing this
                action; and

        (c)     Any other relief that this Court deems appropriate and just under the
                circumstances.

-5-

Dated: Woodmere, New York
September 12, 2005

_____
Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

-6-

# SouthwestCredit

| | |
|---|---|
| Date: | 03-16-05 |
| Creditor: | T MOBILE |
| Amt. Due: | $1,009.21 |
| Acct. No.: | 8437745 - 233063188 |
| Telephone: | (800) 462-3894 |

#BWNCPPZ
#843774531928#
FAINBRUN JEAN
2328 E 66TH ST
BROOKLYN NY    11234-6326

Dear FAINBRUN JEAN,

Our records indicate that this debt remains unpaid. This shall serve as notification that unless you contact this office immediately to establish arrangements for payment, we will be required to proceed with collection efforts on your account. We have previously informed you that Southwest Credit has the right to report information regarding your account to all major credit reporting agencies. Late payments, missed payments, or other defaults may be reflected on your credit report.

**Applicable state laws are printed on the back of this notice.**

We want to help and are willing to work with you, but you must contact our office immediately.  Avoid further collection activity by enclosing your payment with the tear-off coupon below, or by contacting us to make payment arrangements on your account. Full or partial payment can also be made through our website address at www.sw-credit.com.

Sincerely,
Southwest Credit Systems, L.P.

**This is an attempt to collect a consumer debt by a debt collector.**
**Any information obtained will be used for that purpose.**
\*\*\* PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT \*\*\*



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

For your protection and better service please:

1.  Do not send cash through the mail.
2.  Return this portion of the statement with your payment.
3.  Include account number on the check or money order.

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | |
|---|---|---|
| CARD NUMBER | EXP. DATE | CHECK CARD USING FOR PAYMENT |
| SIGNATURE | | |
| ACCOUNT #:  8437745-233063188 | DATE: 03-16-05 | ☐ VISA  ☐ |
| PLEASE PAY THIS AMOUNT: $1,009.21 | | PAYMENT AMOUNT: $ |

Acct. No.: 8437745-233063188
Creditor:   T MOBILE
#BWNCPPZ
#843774531928#
FAINBRUN JEAN
2328 E 66TH ST
BROOKLYN NY    11234-6326

Southwest Credit Systems, L.P.
5910 W Plano Parkway
Suite 100
Plano, TX 75093-4638

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
JEAN FAINBRUN, on behalf of himself
and all others similarly situated,

CV-05-4364

Plaintiff,

-against-

ANSWER

SOUTHWEST CREDIT SYSTEMS, L.P.,

(Irizarry, J.)
(Pohorelsky, M.J.)

Defendant.

----------------------------------X

Defendant, Southwest Credit Systems, L.P., by its
attorney Arthur Sandérs, answers plaintiff's complaint as
follows:

1. Defendant denies knowledge or information sufficient to
   form a belief with respect to the truth of the allegation
   contained in Paragraph "1" of the complaint.

2. Defendant denies knowledge or information sufficient to
   form a belief with respect to the truth of the allegation
   contained in Paragraph "2" of the complaint.

3. Defendant denies knowledge or information sufficient to
   form a belief with respect to the truth of the allegation
   contained in Paragraph "3" of the complaint.

4. Defendant denies the allegation contained in Paragraph
   "4" of the complaint.

5. Defendant admits the allegations contained in Paragraph "5" of the complaint.

6. Defendant admits the allegations contained in Paragraph "6" of the complaint.

7. Defendant admits the allegation contained in Paragraph "7" of the complaint.

8. Defendant admits the allegation contained in Paragraph "8" of the complaint.

9. Defendant admits the allegations contained in Paragraph "9" of the complaint and all of its sub-paragraphs.

10. Defendant admits sending correspondence to the plaintiff but otherwise denies the allegation contained in Paragraph "10" of the complaint.

11. Defendant admits the allegation contained in Paragraph "11" of the complaint.

12. Defendant denies the allegation contained in Paragraph "12" of the complaint.

13. Defendant denies the allegation contained in Paragraph "13" of the complaint.

14. Defendant denies the allegation contained in Paragraph "14" of the complaint.

15. Defendant admits the allegation contained in Paragraph "15" of the complaint.

2

16. Defendant admits the allegation contained in Paragraph "16" of the complaint.

17. Defendant denies the allegation contained in Paragraph "17" of the complaint and all of its sub-paragraphs.

18. Defendant denies the allegation contained in Paragraph "18" of the complaint.

19. Defendant denies the allegation contained in Paragraph "19" of the complaint.

20. Defendant denies the allegation contained in Paragraph "20" of the complaint.

21. Defendant denies the allegation contained in Paragraph "21" of the complaint.

22. Defendant denies the allegation contained in Paragraph "22" of the complaint.

23. Defendant denies the allegation contained in Paragraph "23" of the complaint.

WHEREFORE, defendant, Southwest Credit Systems, L.P., requests Judgment dismissing the complaint with prejudice and denying all requested relief therein, together with such other and further relief as the Court deems just and proper, including costs and reasonable attorneys' fees.

3

Dated:    Spring Valley, New York
          October 18, 2005

ARTHUR SANDERS, ESQ. (AS-1210)
Attorney for defendant
2 Perlman Drive - Suite 301
Spring Valley NY  10977-5230
845-352-7272

TO:

      Adam J. Fishbein, Esq.
      Attorney for plaintiff
      735 Central Avenue
      Woodmere NY 11598

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JEAN FAINBRUN

               Plaintiff,            05 CV 4364 (DLI)

          -against-

SOUTHWEST CREDIT SYSTEMS, L.P.

              Defendant.
----------------------------------------x

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

       Plaintiff hereby requests that each defendant respond to the following requests for admissions, interrogatories and document requests.

       Unless otherwise specified in a particular paragraph, the time period covered by this request is one year prior to the filing of the complaint to the present. If a paragraph asks for information irrespective of date, this limitation does not apply.

       If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

       If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSIONS

1. Plaintiff resides in this District.

2. Defendant is a debt collector.

3. Defendant has sent more than 25 letters in the same form with the same standard language.

4. Defendant has sent more than 100 letters in the same form with the same standard language.

5. Defendant has sent more than 500 letters in the same form with the same standard language.

      6. Since the sending of the letter at issue in the complaint, defendant did not report the account to any credit reporting agency.

      7. Defendant does not report late payments to the credit reporting agencies.

      8. Defendant does not report missed payments to the credit reporting agency.

      9. Defendant did not proceed with collection efforts on the plaintiff's account subsequent to the March 16, 2005 letter sent to the plaintiff.

## INTERROGATORIES

1. State the name, address, title and job description of each office, director, partner, shareholder and employee of each defendant who authorized, approved, or was aware of the collection letters at issue.

2. Describe in detail the financial and business relationship(s) among

2

defendant and the creditor. Include in your answer the billing method, rate, frequency and media; expenses billed; funds remittance method, rate, frequency and media; the nature and extent of services rendered (e.g., letter only, letter followed by suit in what circumstances); fee arrangement for each identified type of service; any salary or retainer.

3. Describe, step-by-step, the process which resulted in the collection letters at issue being transmitted to plaintiff, beginning with the date and method of transmission of debtor information to the person that sent it, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

4. State by year the number of persons who (a) were from one year prior to the filing of the complaint, form letters prepared using the same form as the collection letters at issue allegedly owed money in connection non-business debts. Identify each such person.

5. State the net worth of the defendant and explain how it was calculated. Identify each asset and debit worth more than $5000.

6. Identify all partners, officers, directors, and shareholders of the defendant and state the offices and proportion of equity held by each.

7. If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

8. With respect to each expert whom you will or may call upon to give evidence in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the

3

substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

10.     Set forth the collection steps defendant undertakes for the underlying creditor at issue including a breakdown if the defendant engages in different collection steps depending upon the size of the debt.

11.     How many class members are there as referenced in the class definition in the complaint.

12.     At the time of the sending of the March 16, 2005 collection letter to the plaintiff, was the defendant licensed with the New York City Department of Consumer Affairs.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.     All documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to compliance with the Fair Debt Collection Practices Act, or state statute regulating debt collectors.

2.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, or collection practices generally.

3.     One copy of each different form letter defendant sent to debtors and specifically a copy or the form of the first collection letter sent to the plaintiff..

4.     All manuals, policy statements, guidelines and instructional materials furnished to employees that relate to the conduct of collection activities by either defendant.

5.     All documents relating to the maintenance by defendant of procedures adapted to avoid any violation of the Fair Debt Collection Practices Act.

6.     Defendant's annual financial statements, annual reports, semiannual and

4

quarterly financial statements and tax returns for the last three years.

7.    All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendants were accused of violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

8.    All documents (irrespective of date) relating to any claim made against defendants for violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

9.    All insurance policies that may afford coverage with respect to the matters complained of.

10.   The agreement(s) pursuant to which defendant sought to collect money from plaintiff.

11.   All documents (irrespective of date) which constitute or reflect communications between defendants and any Attorney General's office or other law enforcement, consumer protection or regulatory agency, relating to collection activities of defendants.

12.   All documents (irrespective of date) which constitute or reflect communications between defendants and private agencies that receive consumer complaints (such as a Better Business Bureau or newspaper column), relating to collection activities of defendant.

13.   All documents (irrespective of date) that discuss defendants' compliance or lack of compliance with the Fair Debt Collection Practices Act.

14.   All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff.

15.   All documents relating to plaintiff, or which are indexed, filed or retrievable under his name or any number, symbol, designation or code (such as an

5

account number or Social Security number) assigned to him or his transaction.

16.    An organizational chart for the defendant.

17.    Produce liability policies, coverage, type, policy number(s) of each liability insurance company.

18.    Produce each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

19.    Produce any notices that you have given any insurer regarding plaintiff's claims.

20.    Produce the terms of the agreement pursuant to which the defendant sought money from the plaintiff.

Dated: Woodmere, New York
       February 23, 2006

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

## CERTIFICATE OF SERVICE

I, Adam J. Fishbein, hereby certify that on February 23, 2006 I served the within discovery requests upon the defendant as reflected below via facsimile:

Arthur Sanders, Esq. (via facsimile to 845-352-8131)

6

Adam J. Fishbein  (AF-9508)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JEAN FAINBRUN,                                    05 CV 4364 (DLI)

                         Plaintiff,

     - against -

SOUTHWEST CREDIT SYSTEMS, L.P.

                         Defendant.

- - - - - - - - - - - - - - - - - -X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR ADMISSIONS

          Defendant, Southwest Credit Systems, L.P., by its

attorney, Arthur Sanders, responds to plaintiff's first request

for admissions as follows:

     1. Defendant has insufficient information to admit or deny.

     2. Admits.

     3. Admits.

     4. Admits.

     5. Admits.

     6. Denies.

     7. Denies.

     8. Denies.

     9. Denies.

Dated:    Spring Valley, New York
          May 30, 2006

                              _____
                              ARTHUR SANDERS, ESQ. (AS-1210)
                              Attorney for defendant
                              2 Perlman Drive - Suite 301
                              Spring Valley NY 10977-5230
                              845-352-7272


TO:  Adam J. Fishbein (AF-9508)
     Attorney for plaintiff
     735 Central Avenue
     Woodmere NY 11598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JEAN FAINBRUN,                                              05 CV 4364 (DLI)

                          Plaintiff,

          - against -

SOUTHWEST CREDIT SYSTEMS, L.P.,

                          Defendant.

- - - - - - - - - - - - - - - - - -X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR INTERROGATORIES

Defendant, Southwest Credit Systems, L.P., by its

attorney, Arthur Sanders, responds to plaintiff's first request

for interrogatories as follows:

1. State the name, address, title and job description of
each office, director, partner, shareholder and employee of each
defendant who authorized, approved, or was aware of the
collection letters at issue.

RESPONSE: Jeff Hurt, CEO of defendant, authorizes and approves
all letters. All of defendant's employees are aware of the
collection letters used by the defenda.

2. Describe in detail the financial and business
relationship(s) among defendant and the creditor. Include in
your answer the billing method, rate, frequency and media;
expenses billed; funds remittance method, rate, frequency and
media; the nature and extent of services rendered (e.g., letter
only, letter followed by suit in what circumstances); fee
arrangement for each identified type of service; any salary or
retainer.

RESPONSE:    Defendant  is  a  third-party  debt  collector.    It
handled  plaintiff's  account  along  with  thousands  of  other
accounts  on  a  contingency  fee  basis.    Defendant  sends  letters
and  attempts  phone  calls  in  order  to  collect  the  amount  due.    It
also  reports  to  the  credit  bureaus.


     3.  Describe,  step-by-step,  the  process  which  resulted  in
the  collection  letters  at  issue  being  transmitted  to  plaintiff,
beginning  with  the  date  and  method  of  transmission  of  debtor
information  to  the  person  that  sent  it,  e.g.,  computer  tapes  or
other  media  delivered  (when,  by  whom,  where  and  to  whom);
content  of  computer  tape  or  media;  data  input  (where  and  by
whom);  computer  entry  or  other  means  of  directing  transmission
letters  (where  and  by  whom  entry  made),  letter  with  debtor
information  printed  (from  where  and  by  whom);  letter  with  debtor
information  mailed  (from  where  and  by  whom),  computer  tapes  or
media  returned  (on  what  occasion,  when,  by  whom  and  to  whom).

RESPONSE: Defendant  receives  an  electronic  spreadsheet  and  loads
the  information  provided  to  it  by  its  creditor  client  into  its
computer  system.    A  demand  letter  is  immediately  generated.
Further  action  is  contingent  upon  the  response  received  from  the
debtor,  as  well  as  the  amount  of  the  claim  and  the  identity  of
the  creditor.

     4.  State  by  year  the  number  of  persons  who  (a)  were  from  one
year  prior  to  the  filing  of  the  complaint,  form  letters  prepared
using  the  same  form  as  the  collection  letters  at  issue  allegedly
owed  money  in  connection  non-business  debts.    Identify  each  such
person.

RESPONSE:    Twenty  thousand  (20,000)  people  receive  the  same  form
letter  between  September  14,  2004  and  September  14,  2005.


     5.  State  the  net  worth  of  the  defendant  and  explain  how  it
was  calculated.    Identify  each  asset  and  debit  worth  more  than
$5,000.00.

RESPONSE:    Defendant  objects  to  this  interrogatory  request  as
the  answer  is  not  calculated  to  lead  to  the  production  of  any
admissible  evidence.

6. Identify all partners, officers, directors, and shareholders of the defendant and state the offices and proportion of equity held by each.

RESPONSE: Officers are as follows:

    a) Jeff Hurt, CEO, Secretary, Treasurer, Director;
    b) Keith Jones, President, Assistant Secretary, Director;
    c) Joe Longbotham, Vice-President, Assistant Secretary, Director.

7. If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

RESPONSE: Defendant did report plaintiff's account to a credit reporting agency and did proceed with collection efforts.

8. With respect to each expert whom you will or may call upon to give evidence in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

RESPONSE: Not applicable.

9. There is no interrogatory number "9".

10. Set forth the collection steps defendant undertakes for the underlying creditor at issue including a breakdown if the defendant engages in different collection steps depending upon the size of the debt.

RESPONSE: See defendant's responses to Interrogatories "2" and "3".

11. How many class members are there as referenced in the class definition in the complaint.

RESPONSE: There are no class members referenced in the complaint. As was previously indicated, 20,000 letters were sent in the same form as the exhibit attached to the complaint.

12. At the time of the sending of the March 16, 2005 collection letter to the plaintiff, was the defendant licensed with the New York City Department of Consumer Affairs.

RESPONSE: Yes, defendant was licensed with the New York City Department of Consumer Affairs.

Dated:    Spring Valley, New York
          May 30, 2006

ARTHUR SANDERS, ESQ. (AS-1210)
Attorney for defendant
2 Perlman Drive - Suite 301
Spring Valley NY 10977-5230
845-352-7272

TO: Adam J. Fishbein (AF-9508)
    Attorney for plaintiff
    735 Central Avenue
    Woodmere NY 11598

1

1

2          UNITED STATES DISTRICT COURT

3          EASTERN DISTRICT OF NEW YORK

4          - - - - - - - - - - - - - - - - - - - - - - - - -x

5          JEAN FAINBRUN,

6                                        Plaintiff,

7                          -against-

8          SOUTHWEST CREDIT SYSTEMS, LP,

9                                        Defendant.

10         - - - - - - - - - - - - - - - - - - - - - - - - -x

11                                        735 Central Avenue

                                          Woodmere, New York

12

                                          September 14, 2006

13                                        4:30 p.m.

14

15

16                    DEPOSITION of JEFF HURT, a witness on

17         behalf of SOUTHWEST CREDIT SYSTEMS, LP, the

18         Defendant herein, held at the above time and

19         place, taken before Karen Zammit, a Shorthand

20         Reporter and Notary Public of the State of New

21         York, pursuant to Rule 26 et seq. of the Federal

22         Rules of Civil Procedure and stipulations between

23         Counsel.

24

25                         *      *      *

2

1

2      APPEARANCES:

3

           ALAN J. FISHBEIN, P.C.

4                  Attorney for Plaintiff

                   735 Central Avenue

5                  Woodmere, New York 11598

6

7          ARTHUR SANDERS, ESQ.

                   Attorney for Defendant

8                  2 Perlman Drive

                   Spring Valley, New York 10977

9

                        *      *      *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1

2                          STIPULATIONS

3                IT IS HEREBY STIPULATED AND AGREED, by and

4        among counsel for the respective parties hereto,

5        that the filing, sealing and certification of the

6        within deposition shall be and the same are

7        hereby waived;

8                IT IS FURTHER STIPULATED AND AGREED that

9        all objections, except as to form of the

10       question, shall be reserved to the time of the

11       trial;

12               IT IS FURTHER STIPULATED AND AGREED that

13       the within deposition may be signed before any

14       Notary Public with the same force and effect as

15       if signed and sworn to before the Court.

16               IT IS FURTHER STIPULATED AND AGREED that

17       counsel shall furnish counsel for the witness

18       with a copy of the within deposition without

19       charge.

20                        *      *      *

21

22

23

24

25

4

1   J E F F   H U R T, the witness herein, having

2       J E F F   H U R T, the witness herein, having

3       first been duly sworn by the Notary Public, was

4       examined and testified as follows:

5       EXAMINATION BY MR. FISHBEIN:

6              Q       What is your name?

7              A       Jeff Hurt.

8              Q       What is your business address?

9              A       59-10 West Plano Parkway, Plano,

10     Texas 75093.

11            Q       Mr. Hurt, have you ever had your

12     deposition taken before?

13            A       Yes.

14            Q       I guess you are familiar with the

15     procedure then?

16            A       Yes.

17            Q       Have you had your deposition taken

18     before as a representative of Southwest Credit

19     Systems?

20            A       No.

21            Q       Would you happen to know, has

22     Southwest Credit Systems been sued other than my

23     action, has Southwest Credit Systems been sued

24     under the Fair Debt Collection Practices Act?

25            A       Yes.

```
                                                              5
1              J. Hurt

2         Q         Have any of those matters been

3    resolved?

4         A         Yes.

5         Q         Can you tell me how many times it

6    was sued?

7         A         Over what period of time?

8         Q         Let's say in the last two years.

9         A         I would have to look at my records,

10   but I would estimate ten to 15.

11        Q         Was there ever a finding of

12   liability by a judge against Southwest Credit

13   Systems?

14        A         No.

15        Q         You have stated in the Responses to

16   Interrogatories and Responses to Requests for

17   Admissions that the defendant does report to the

18   credit bureaus; is that correct?

19        A         Yes.

20        Q         Which ones does it report to?

21        A         The three major ones.

22        Q         Do you have agreements with those

23   credit reporting agencies?

24        A         Could you expand the question.

25        Q         Some type of written agreement as
```

6

1       J. Hurt

2       to what they'll do for you and what you will do

3       -- what your responsibilities are and what their

4       responsibilities are under a contract?

5               A       I don't have personal knowledge of

6       that.

7               Q       Are you aware of if those

8       agreements do exist?

9               A       I don't have personal knowledge of

10      that.

11              Q       What information do you report to

12      the credit bureaus concerning a debt that is

13      being collected by Southwest Credit Systems?

14              A       Are you talking in general, as a

15      general proposition?

16              Q       I guess for now we can limit it to

17      T-Mobil.

18              A       Okay.  What was the question?

19              Q       What information do you report to

20      the crest bureau concerning T-Mobil accounts?

21              A       I don't have that information in

22      front of me, but we report the balance, the debt,

23      the status, we report monthly.

24              Q       What do you mean by reporting the

25      status?

7

```
 1              J. Hurt

 2         A      The status of the account, for

 3    example, disputed or open collections, paid.

 4         Q      Any accounts that you have from

 5    T-Mobil, do you ever enter into any payment

 6    arrangements with the debtors?

 7         A      Yes.

 8         Q      Meaning where, just to clarify,

 9    that a debtor will pay the balance or a portion

10    of the balance as a settlement over time?

11         A      Yes.

12         Q      If you enter into a payment or a

13    settlement agreement where the debt is paid over

14    time is that reflected on the credit reports?

15         A      Yes.

16         Q      How is that reflected?

17         A      We report the status, the balance

18    and the date.

19         Q      The date of what?

20         A      The date we report what the balance

21    is.

22         Q      On a particular date you report

23    what the balance is; is that correct?

24         A      Yes.

25         Q      Do you report that the matter has
```

8

1                         J. Hurt

2      been settled on a payment plan or you just update

3      the report as the balance gets lower and lower?

4            A      We update the current balance at

5      the time of reporting.

6            Q      If a debtor breaches the settlement

7      agreement is that somehow reflected on the

8      report?

9            A      We continue to show collections.

10           Q      Let say if a debtor is late on a

11     payment will the credit report reflect that the

12     debtor was late on a payment?

13           A      No, we don't have the ability.  We

14     are not the original creditor.

15           Q      That would be the same for missed

16     payments, they would also not be reported?

17           A      Yes.

18           Q      Just referring your attention, I am

19     sure you know the text of the collection letter

20     as the interrogatory number one states that you

21     authorize and approve the letters, the last

22     sentence of the first paragraph of the collection

23     letter states, "late payments, missed payments,

24     or other defaults may be reflected on your credit

25     report."

9

| | |
|---|---|
| 1 | J. Hurt |
| 2 | What does it mean by other defaults |
| 3 | may be reflected on your credit report? |
| 4 | A          Failure to pay. |
| 5 | Q          Failure to pay would be considered |
| 6 | a default that may be reflected on the credit |
| 7 | report.  Failure to pay, is that considered the |
| 8 | initial reporting of the debt that the consumer |
| 9 | has failed to pay the debt and therefore that's |
| 10 | why it is on the report? |
| 11 | A          Yes. |
| 12 | Q          That would be the only circumstance |
| 13 | of reporting a default on the credit report? |
| 14 | A          I am not sure I understand the |
| 15 | question. |
| 16 | MR. SANDERS:  Could you perhaps |
| 17 | rephrase it.  I am not understanding what |
| 18 | you are asking the witness. |
| 19 | MR. FISHBEIN:  Okay.  Please read |
| 20 | back the question. |
| 21 | [Whereupon, the requested portion |
| 22 | of the record was hereby read by the |
| 23 | reporter.] |
| 24 | Q          Is failure to pay the only default |
| 25 | that may be reflected on the credit report? |

10

1       J. Hurt

2            A       Yes.

3            Q       That failure to pay, is that

4       failure to pay equivalent to the initial

5       reporting of the debt by your company to the

6       credit bureaus?

7            A       Please repeat that.

8            Q       After the debt is initially

9       reported to the credit bureaus is there some type

10      of indication of failure to pay that is reported

11      to the credit bureaus after it is initially

12      reported to the credit bureaus?

13           A       Yes.

14           Q       What would that be?

15           A       We update the bureau and it updates

16      the balance.  If there was a change in balance it

17      would be reflected on the new update.  For this

18      particular client there was not a payment made,

19      so I am not sure where we are going.

20           Q       Does Southwest Credit Systems keep

21      financial records concerning what its net worth

22      is?

23           A       Yes.

24           Q       In your Response to Interrogatories

25      number four you stated in the relevant class

1                         J. Hurt

2          period that 20,000 people receive the same form

3          letter.  Are you able to produce those names and

4          addresses?

5                A        I would have to research that.

6                         MR. FISHBEIN: Okay.

7                         I have no further questions.  Thank

8                you very much.

9                         [Whereupon, the examination of the

10               witness was concluded at 4:40 p.m.]

11

12                         _____

                                   JEFF HURT

13

           Subscribed and sworn to

14         before me this _____ day

           of _____, 2006.

15

           _____

16                Notary Public

17

18

19

20

21

22

23

24

25

12

1

2                              CERTIFICATION

3        STATE OF NEW YORK )

                             : SS.:

4        COUNTY OF NASSAU   )

5

6              I,  KAREN ZAMMIT, a Notary Public for and

7        within the State of New York, do hereby certify:

8              That the witness(es) whose testimony as

9        herein set forth, was duly sworn by me; and that

10       the within transcript is a true record of the

11       testimony given by said witness(es).

12             I further certify that I am not related to

13       any of the parties to this action by blood or

14       marriage, and that I am in no way interested in

15       the outcome of this matter.

16             IN WITNESS WHEREOF, I have hereunto set my

17       hand this 15th day of September, 2006.

18

19

                                Karen Zammit

20                              KAREN ZAMMIT

21

22

23                         *     *     *

24

25

13

1

2                    E R R A T A    S H E E T

3

4        PAGE  LINE     CHANGE FROM      CHANGE TO

5

6        ----:-----    ------------    ----------------

7        ----:-----    ------------    ----------------

8        ----:-----    ------------    ----------------

9        ----:-----    ------------    ----------------

10       ----:-----    ------------    ----------------

11       ----:-----    ------------    ----------------

12       ----:-----    ------------    ----------------

13       ----:-----    ------------    ----------------

14       ----:-----    ------------    ----------------

15       ----:-----    ------------    ----------------

16       ----:-----    ------------    ----------------

17

18

19       ----------------       -----------------------

          Date                    JEAN FAINBRUN

20

21       Sworn to before me this _____

          day of _____, 2004.

22

23

          _____

          (Notary Public)

24

25

**A**
ability 8:13
able 11:3
account 7:2
accounts 6:20 7:4
Act 4:24
action 4:23 12:13
address 4:8
addresses 11:4
**Admissions** 5:17
agencies 5:23
**AGREED** 3:3,8,12
  3:16
agreement 5:25 7:13
  8:7
agreements 5:22 6:8
**ALAN** 2:3
**APPEARANCES**
  2:2
approve 8:21
arrangements 7:6
**ARTHUR** 2:7
asking 9:18
attention 8:18
Attorney 2:4,7
authorize 8:21
**Avenue** 1:11 2:4
aware 6:7

**B**
back 9:20
**balance** 6:22 7:9,10
  7:17,20,23 8:3,4
  10:16,16
behalf 1:17
**blood** 12:13
breaches 8:6
**bureau** 6:20 10:15
**bureaus** 5:18 6:12
  10:6,9,11,12
business 4:8

**C**
**Central** 1:11 2:4
certification 3:5

12:2
certify 12:7,12
change 10:16 13:4,4
charge 3:19
circumstance 9:12
**Civil** 1:22
clarify 7:8
class 10:25
client 10:18
collected 6:13
collection 4:24 8:19
  8:22
collections 7:3 8:9
company 10:5
concerning 6:12,20
  10:21
concluded 11:10
considered 9:5,7
consumer 9:8
continue 8:9
contract 6:4
copy 3:18
correct 5:18 7:23
counsel 1:23 3:4,17
  3:17
**COUNTY** 12:4
**Court** 1:2 3:15
credit 1:8,17 4:18,22
  4:23 5:12,18,23
  6:12,13 7:14 8:11
  8:24 9:3,6,13,25
  10:6,9,11,12,20
creditor 8:14
crest 6:20
current 8:4

**D**
date 7:18,19,20,22
  13:19
day 11:14 12:17
  13:21
debt 4:24 6:12,22
  7:13 9:8,9 10:5,8
debtor 7:9 8:6,10,12
debtors 7:6

default 9:6,13,24
defaults 8:24 9:2
defendant 1:9,18 2:7
  5:17
deposition 1:16 3:6
  3:13,18 4:12,17
disputed 7:3
**DISTRICT** 1:2,3
Drive 2:8
duly 4:3 12:9

**E**
E 4:2 13:2,2,2
**EASTERN** 1:3
effect 3:14
enter 7:5,12
equivalent 10:4
**ESQ** 2:7
estimate 5:10
et 1:21
examination 4:5
  11:9
examined 4:4
example 7:3
exist 6:8
expand 5:24

**F**
F 4:2,2
failed 9:9
failure 9:4,5,7,24
  10:3,4,10
**FAINBRUN** 1:5
  13:19
**Fair** 4:24
familiar 4:14
Federal 1:21
filing 3:5
financial 10:21
finding 5:11
first 4:3 8:22
**FISHBEIN** 2:3 4:5
  9:19 11:6
follows 4:4
force 3:14

form 3:9 11:2
forth 12:9
four 10:25
front 6:22
furnish 3:17
further 3:8,12,16
  11:7 12:12

**G**
general 6:14,15
given 12:11
going 10:19
guess 4:14 6:16

**H**
H 4:2 13:2
hand 12:17
happen 4:21
held 1:18
hereto 3:4
hereunto 12:16
**Hurt** 1:16 4:7,11 5:1
  6:1 7:1 8:1 9:1
  10:1 11:1,12

**I**
indication 10:10
information 6:11,19
  6:21
**initial** 9:8 10:4
initially 10:8,11
interested 12:14
**Interrogatories** 5:16
  10:24
interrogatory 8:20

**J**
**J** 2:3 4:2 5:1 6:1 7:1
  8:1 9:1 10:1 11:1
**JEAN** 1:5 13:19
**Jeff** 1:16 4:7 11:12
judge 5:12

**K**
**Karen** 1:19 12:6,20
keep 10:20

know 4:21 8:19
knowledge 6:5,9

**L**
late 8:10,12,23
letter 8:19,23 11:3
letters 8:21
Let's 5:8
liability 5:12
limit 6:16
LINE 13:4
look 5:9
lower 8:3,3
LP 1:8,17

**M**
major 5:21
marriage 12:14
matter 7:25 12:15
matters 5:2
mean 6:24 9:2
Meaning 7:8
missed 8:15,23
monthly 6:23

**N**
name 4:6
names 11:3
NASSAU 12:4
net 10:21
new 1:3,11,20 2:5,8
  10:17 12:3,7
Notary 1:20 3:14 4:3
  11:16 12:6 13:23
number 8:20 10:25

**O**
objections 3:9
Okay 6:18 9:19 11:6
ones 5:20,21
open 7:3
original 8:14
outcome 12:15

**P**
PAGE 13:4

paid 7:3,13
paragraph 8:22
Parkway 4:9
particular 7:22
  10:18
parties 3:4 12:13
pay 7:9 9:4,5,7,9,24
  10:3,4,10
payment 7:5,12 8:2
  8:11,12 10:18
payments 8:16,23
people 11:2
period 5:7 11:2
Perlman 2:8
personal 6:5,9
place 1:19
Plaintiff 1:6 2:4
plan 8:2
Plano 4:9,9
Please 9:19 10:7
portion 7:9 9:21
Practices 4:24
procedure 1:22 4:15
produce 11:3
proposition 6:15
Public 1:20 3:14 4:3
  11:16 12:6 13:23
pursuant 1:21
P.C 2:3
p.m 1:13 11:10

**Q**
question 3:10 5:24
  6:18 9:15,20
questions 11:7

**R**
R 4:2 13:2,2
read 9:19,22
receive 11:2
record 9:22 12:10
records 5:9 10:21
referring 8:18
reflect 8:11

reflected 7:14,16 8:7
  8:24 9:3,6,25
  10:17
related 12:12
relevant 10:25
repeat 10:7
rephrase 9:17
report 5:17,20 6:11
  6:19,22,23 7:17,20
  7:22,25 8:3,8,11
  8:25 9:3,7,10,13
  9:25
reported 8:16 10:9
  10:10,12
reporter 1:20 9:23
reporting 5:23 6:24
  8:5 9:8,13 10:5
reports 7:14
representative 4:18
requested 9:21
Requests 5:16
research 11:5
reserved 3:10
resolved 5:3
respective 3:4
Response 10:24
Responses 5:15,16
responsibilities 6:3
  6:4
Rule 1:21
Rules 1:22

**S**
S 13:2
SANDERS 2:7 9:16
sealing 3:5
sentence 8:22
September 1:12
  12:17
seq 1:21
set 12:9,16
settled 8:2
settlement 7:10,13
  8:6
Shorthand 1:19

show 8:9
signed 3:13,15
Southwest 1:8,17
  4:18,22,23 5:12
  6:13 10:20
Spring 2:8
SS 12:3
State 1:20 12:3,7
stated 5:15 10:25
states 1:2 8:20,23
status 6:23,25 7:2,17
STIPULATED 3:3
  3:8,12,16
stipulations 1:22 3:2
Subscribed 11:13
sued 4:22,23 5:6
sure 8:19 9:14 10:19
sworn 3:15 4:3
  11:13 12:9 13:21
Systems 1:8,17 4:19
  4:22,23 5:13 6:13
  10:20

**T**
T 4:2 13:2,2
taken 1:19 4:12,17
talking 6:14
tell 5:5
ten 5:10
testified 4:4
testimony 12:8,11
Texas 4:10
text 8:19
Thank 11:7
three 5:21
time 1:18 3:10 5:7
  7:10,14 8:5
times 5:5
transcript 12:10
trial 3:11
true 12:10
two 5:8
type 5:25 10:9
T-Mobil 6:17,20 7:5

| **U** | **20,000** 11:2 | | |
|---|---|---|---|
| **U** 4:2 | **2004** 13:21 | | |
| **understand** 9:14 | **2006** 1:12 11:14 | | |
| **understanding** 9:17 | 12:17 | | |
| **UNITED** 1:2 | **26** 1:21 | | |
| **update** 8:2,4 10:15 | | | |
| 10:17 | **4** | | |
| **updates** 10:15 | **4:30** 1:13 | | |
| | **4:40** 11:10 | | |
| **V** | | | |
| **Valley** 2:8 | **5** | | |
| | **59-10** 4:9 | | |
| **W** | | | |
| **waived** 3:7 | **7** | | |
| **way** 12:14 | **735** 1:11 2:4 | | |
| **West** 4:9 | **75093** 4:10 | | |
| **WHEREOF** 12:16 | | | |
| **witness** 1:16 3:17 | | | |
| 4:2 9:18 11:10 | | | |
| 12:16 | | | |
| **witness(es)** 12:8,11 | | | |
| **Woodmere** 1:11 2:5 | | | |
| **worth** 10:21 | | | |
| **written** 5:25 | | | |
| | | | |
| **X** | | | |
| **x** 1:4,10 | | | |
| | | | |
| **Y** | | | |
| **years** 5:8 | | | |
| **York** 1:3,11,21 2:5,8 | | | |
| 12:3,7 | | | |
| | | | |
| **Z** | | | |
| **Zammit** 1:19 12:6 | | | |
| 12:20 | | | |
| | | | |
| **1** | | | |
| **10977** 2:8 | | | |
| **11598** 2:5 | | | |
| **14** 1:12 | | | |
| **15** 5:10 | | | |
| **15th** 12:17 | | | |
| | | | |
| **2** | | | |
| **2** 2:8 | | | |