UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

JEAN FAINBRUN

Plaintiff,

05 CV 4364 (DLI)

-against-

**NOTICE OF
MOTION**

SOUTHWEST CREDIT SYSTEMS, INC.

Defendant.

------------------------------------------------------------------------

**PLEASE TAKE NOTICE,** that upon the appended memorandum of law with attached

exhibits pursuant to Fed. R. Civ. P. 23, plaintiff will move before the Honorable Dora L.

Irizarry, United States District Court, Eastern District of New York at 225 Cadman Plaza

East, Brooklyn, New York on a date determined by the Court for an Order granting

plaintiff's motion for class certification, and such other relief as this Honorable Court

deems just and proper.

Dated: Woodmere, New York
November 1, 2006

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN FAINBRUN | ) |
| | ) |
| Plaintiff, | ) |
| | ) 05 CV 4364 (DLI) |
| | ) |
| -against- | ) |
| | ) |
| SOUTHWEST CREDIT SYSTEMS, L.P. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION

## DEFENDANT SENT NEW YORK CONSUMERS NOTICES WHICH CONTAIN FALSE THREATS AND DECEPTIVE REPRESENATATIONS IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

Southwest Credit Systems, L.P. has violated the FDCPA by using form letters that do not

accurately set forth the plaintiff's rights within the requirements of the Act.[1] Defendant's letter

to Plaintiff and other New York consumers falsely threatens that it will report late payment,

missed payment or other defaults in clear violation of 15 U.S.C. § 1692e(5), 1692e(8) and

1692e(10) of the FDCPA.

## I.    THE FDCPA WAS BROADLY DRAFTED TO ELIMINATE ALL FORMS OF COLLECTION ABUSE

One of the express purposes of the FDCPA is "to eliminate abusive practices by debt

collectors."[2] The FDCPA is a broadly drafted act designed to protect consumers from abusive,

---

[1] Plaintiff's class action complaint.

1

deceptive and unfair debt collection practices.[3] The Second Circuit has held that "[t]he basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[4]

## II.   STANDARD OF REVIEW FOR CLASS CERTIFICATION

In determining whether a class will be certified under Rule 23, the merits of the case are not examined and the substantive allegations of the complaint must be accepted as true.[5] Moreover, "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions."[6] Any doubts regarding the propriety of certification should be resolved "in favor of allowing the class action," so that class actions remain effective vehicles for deterring wrongdoing on a large scale.[7]

Congress recognized the importance of class actions in protecting consumers from debt collectors by expressly authorizing class action remedies under the FDCPA.[8] Consequently, the

---

[2]  15 U.S.C. § 1692(e).

[3]  15 U.S.C. § 1692.

[4]  *Clomon v. Jackson,* 988 F.2d 1314, 1318.

[5]  *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974); *In re Energy Systems Equipment Leasing Securities Litigation,* 642 F. Supp. 718, 724 (E.D.N.Y. 1986).

[6]  *King v. Kansas City Southern Industries, Inc.,* 519 F.2d 20, 25-26 (7th Cir. 1975).

[7]  *Esplin v. Hirschi,* 402 F.2d 94, 101 (10th Cir. 1968); *accord, In re Folding Carton Antitrust Litigation,* 75 F.R.D. 727, 732-33 (N.D.Ill. 1977).

[8]  15 U.S.C. §§ 1692k(a) and (b).

2

courts have certified numerous FDCPA class actions.[9] Under Federal Rule of Civil Procedure 23, a class should be certified when the Plaintiff meets all four requirements of Rule 23(a) and one of the Requirements of Rule 23(b). For the reasons discussed below, the requirements of Rule 23 are satisfied in this case.

## III.   THE   PROPOSED   CLASS   MEETS   THE   REQUIREMENTS   FOR CERTIFICATION

### A.   Rule 23(a)(1) -- Numerosity

The first requirement of Rule 23(a) is that the class members are so numerous that joinder is not practicable. "Impracticability exists where individual adjudication would take an extended period of time and joinder of all the parties would be expensive, time consuming and drastically increase the legal expenses for all the parties."[10] The Second Circuit presumes numerosity at a level of 40 members.[11] "When the class is large, numbers alone are dispositive . . . ."[12]   Where the class numbers at least 40, joinder is usually impracticable, and where the class numbers in the hundreds joinder is clearly impracticable.[13]   Defendant responded in written discovery responses

---

[9] *See, e.g., Weber v. Goodman,* 9 F.Supp.2d 163 (E.D.N.Y. 1998) (FDCPA class certified involving collection activities); *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451 (E.D.N.Y. 1996) (class certified regarding harassing and abusive debt collection letters).

[10] *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 290 (2d Cir. 1990).

[11] *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), *cert. denied,* 115 S.Ct. 2277 (1995), *citing* I *Newberg on Class Actions* (2d ed. 1985) § 3.05; *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

[12] *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986)).

[13] *Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2d Cir. 1972) (stating that "forty investors have been said to represent a sufficiently large group" for class certification); *Town of New*

3

that 20,000 letters were sent.[14] Mr Jeff Hurt, the defendant's 30(b)(6) deponent confirmed that 20,000 letters were sent during the relevant class period.[15] However, it is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class."[16] "A precise quantification of the Plaintiff's class is unnecessary, as the court may 'make common sense assumptions' to support a finding of numerosity."[17] In this case the defendant has used a form letter, which is at the core of this litigation.[18]

## B.    Rule 23(a)(2) -- Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be either a common question of law or fact.[19] "Rule 23(a)(2) requires only that questions of law or fact be shared by the prospective class. It does not require that all questions of law or fact raised be common."[20] So

---

*Castle v. Yonkers Contracting Company, Inc.*, 131 F.R.D. 38, 40-41 (S.D.N.Y. 1990) (potential class of 36 members satisfied numerosity requirement); *United States ex rel. Walker v. Mancusi*, 338 F.Supp. 311, 315-16 (W.D.N.Y. 1971), *aff'd*, 467 F.2d 51 (2d Cir. 1972) (proposed class of 38 prison inmates considered sufficient to satisfy numerosity requirement); *Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164, 170 (S.D.N.Y. 1968) (35-70 potential plaintiffs sufficient to satisfy numerosity requirement).

[14] See defendant's response to plaintiff's interrogatory requests.

[15] See pages 10-11 of Mr. Hurt's deposition transcript attached hereto.

[16] *In re Alcoholic Beverages Litigation,* 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986).

[17] *Deflumer v. Overton,* 176 F.R.D. 55, 58 (N.D.N.Y. 1997).

[18] *See, e.g., Keele v. Wexler*, 1996 WL 124452, *3 (N.D.Ill. 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998) (FDCPA class certified based on Defendants' use of form collection letters).

[19] *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 290-91 (2d Cir. 1990).

4

long as at least one issue is common to all class members, a class should be certified.[21] Where a question of law involves "standardized conduct of the Defendant ... [to the persons effected], a common nucleus of operative fact is typically presented and the commonality requirement ... is usually met."[22] Here, the overarching question common to all of the potential class members is whether Defendant's mechanically generated form letters violate the FDCPA.

The only individual issues are 1) the identification of the consumers who received the letters, a matter capable of ministerial determination from the Defendant's records;[23] and 2) the Defendant's net worth. Both are questions readily answerable from Defendant's own files and do not present an obstacle to class certification.[24] Moreover, since the case is brought for statutory damages, there are no questions, which require individual proof of damages.

Another reason the commonality element is met is that the defendant treated none of the

---

[20] *Halford v. Goodyear Tire & Rubber Co.,* 161 F.R.D. 13, 18 (W.D.N.Y. 1995), *citing Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y. 1981).

[21] *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*, 698 F. 2d 150, 153-54 (2d Cir. 1983) (common question of free speech overrode individual questions concerning each class member); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund*, 778 F.Supp. 985, 989 n. 2 (N.D.Ill. 1991) (*citing Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D.Ill. 1986)).

[22] *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Chandler v. Southwest Jeep-Eagle, Inc.,* 162 F.R.D. 302, 308 (N.D.Ill. 1995) (*citing Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984)).

[23] Even if the names of the class members cannot be determined, which is probably unlikely, there are other types of notice besides via direct mail.

[24] *Heastie v. Community Bank,* 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated and questions of injury or damages could be determined by reviewing and comparing contract between the parties).

5

proposed class members as individuals. Defendant's collection activities, like those of any collection firm, especially large ones, are systematized, and defendant necessarily acts indiscriminately in its treatment of the consumers from whom it attempts to collect debts by means of collection letters like the letter attached to plaintiff's complaint. Plaintiff's claim is that an entire class was victimized by this common course of deceptive and illegal conduct.

Finally, of paramount importance is that in this case, there are no issues of reliance or causation. The FDCPA is violated if the "least sophisticated consumer" would be misled by the Defendant's conduct and does not require proof that anyone was in fact misled. [25] Under these circumstances, the commonality element is met.

## C.   Rule 23(a)(3) -- Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class..."[26] Rule 23(a)(3) is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."[27] " When the same 'unlawful conduct was directed at both the named Plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.'"[28] Moreover,

---

[25] *Clomon v. Jackson*, 988 F.2D 1314, 1318 (2d Cir. 1993).

[26] Fed. R. Civ. P. 23(a)(3).

[27] *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993), *citing In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

[28] *Savino v. Computer Credit, Inc.* 173 F.R.D. 346, 352-53 (E.D.N.Y. 1997), *quoting* I *Newberg*

6

typicality may be satisfied even if there are factual distinctions between the claims of the named Plaintiff and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.[29]

Because commonality and typicality are closely related, a finding of one often results in a finding of the other. In the instant case, typicality is inherent in the claims asserted. Each of the class members received a virtually identical form collection letter under the same circumstances that plaintiff received the Defendant's form collection letter. All class members' claims arise from the same practices of the Defendant that gave rise to the named Plaintiff's claims. The content of these letters, as seen through the eyes of the "least sophisticated consumer," are factually identical with respect the members of the class. Therefore, the typicality requirement has been met.

## D.    Rule 23(a)(4) -- Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." That protection is evaluated based on two factors: (a) the Plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the Plaintiff must not have interests antagonistic to those of the class.[30]

―――――――――――――――――――――――――――――――――――――――――――――――――――――

*on Class Actions* § 3.13; *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456-457 (E.D.N.Y. 1996).

[29] *United States v. Davis*, 756 F. Supp. 1162, 1169 (E.D.Wis. 1991)("Typicality ... does not require the named plaintiff to be in the identical situation as every member of the class."), *rev'd on other grounds*, 961 F.2d 603 (7th Cir. 1992).

[30] *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1991); *County of Suffolk v. Long Island Lighting Co.*, 710 F.Supp. 1407, 1413 (E.D.N.Y. 1989) *aff'd*, 907 F.2d 1295 (2d Cir. 1990); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051

7

Generally, there is a presumption of competence for all members of the bar in good standing unless evidence to the contrary is adduced.[31] Undersigned counsel is an active practitioner whose experience, diligence, and commitment to this litigation will more than adequately protect the interests of the class.[32]

As to the named plaintiff, courts usually look simply to whether the representative's interests are in any way antagonistic to or in conflict with those of the class members.[33] Such conflict must involve the subject matter of the suit and may not be minor or collateral.[34] Furthermore, such conflict must be real and not speculative.[35] There is no conflict or antagonism whatsoever between Plaintiff and the class members. Here, both plaintiff and the class members

---

(1993).

[31] *Dolgow v. Anderson,* 43 F.R.D. 472, 496 (E.D.N.Y. 1968), *rev'd on other grounds*, 438 F.2d 825 (2d Cir. 1970); *Hertz v. Canrad Precision Industries, Inc.*, 1970 WL 236, \*1 (S.D.N.Y. 1970); *In re Broadhollow Funding Corp.*, 66 B.R. 1005, 1012 (Bktcy Ct., E.D.N.Y. 1986).

[32] See Adam J. Fishbein's affirmation attached hereto. Furthermore, plaintiff would like to point out to the Court that Fishbein just prevailed in three recently published decisions by Judge Feuerstein, Magistrate Judge Pollak and Magistrate Judge Levy. Mr. Sanders, attorney for the defendant, was counsel for the defendant collection agency in two of those matters. Fishbein also was certified as counsel in the matter of Namdar v. JAS. The defendants aggressively defended this matter. The defendant sought an interlocutory appeals to the Second Circuit concerning the issue of class certification and concerning the issue of the Rule 68 offer of judgment. The Second Circuit denied entertaining these two issues. Plaintiff would be happy to provide copies of decisions of various matters in which Fishbein has been involved if the Court so requests.

[33] *Fowler v. Birmingham New Company*, 608 F.2d 1055, 1058-1059 (5th Cir. 1979).

[34] *Berman v. Narragansett Racing Association, Inc.*, 414 F.2d 311, 317 (1st Cir. 1969), *cert. denied,* 369 U.S. 1037 (1970); *Vernon J. Rockler and Company v. Graphic Enterprises, Inc.,* 52 F.R.D. 335, 342 (D.Minn. 1971); *Blackie v. Barrack*, 524 F.2d 891, 908-910 (9th Cir. 1975).

[35] *Robertson v. National Basketball Association*, 389 F.Supp. 867, 899 (S.D.N.Y. 1975).

8

seek money damages as the result of Defendant's deceptive practices. Given the identical claims of the plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named Plaintiff and those of the class, perceived or actual.[36]

### E.     Rule 23(b)(3): Predominance/Superiority

There are two components to certification of a class under Rule 23(b)(3): that common questions predominate over individual questions and that a class action is the superior method of adjudicating the claims of the parties. Here, both requirements are clearly met.

#### 1.     *Common Questions of Law or Fact Predominate*

Rule 23(b)(3) requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Common questions predominate if class-wide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims.[37] The Second Circuit has held that this criterion is met when there is a common factual link between all the class members and the defendant for which the law provides a remedy.[38] The commonality requirement of Rule

---

[36] The defendant never requested to take the plaintiff's deposition. However, plaintiff has appended his affirmation which should demonstrate his adequacy as a class representative.

[37] *McClendon v. Continental Group, Inc.,* 113 F.R.D. 39, 43-44 (D.N.J. 1986); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y. 1987); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D.Ohio 1987).

[38] *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey,* 698 F.2d 150, 153-54 (2d Cir. 1983) (common question of free speech overrode individual questions

9

23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely related and a finding of one will generally satisfy the other.[39]

In this case, the common nucleus of operative facts is that the Defendant sent form letters to all the class members. The content of the letters gives rise to the allegations made by Plaintiff. The dispositive issues – indeed, the only issues – are whether Defendant violated the rights of the Plaintiff and the class members by sending the letters.

The authorities hold that cases dealing with the legality of standardized documents or conduct are generally appropriate for certification and resolution as a class because the document is the crux of the case.[40] This is true even if the class members' damages may vary.[41] The fact that class members' damages do not vary in this case makes it an even stronger candidate for certification. Therefore, the instant case, which concerns a standard form letter, is appropriate for class treatment.

## 2. *A Class Action is Superior to Other Available Methods to Resolve this Controversy*

The primary focus in determining whether the class action is the superior method for resolving the controversy presented is on efficiency.[42] Class actions are an efficient and

---

concerning each class member); *Halverson v. Convenient Food Mart, Inc.,* 69 F.R.D. 331, 335 (N.D.Ill. 1974).

[39] *See Heastie*, 125 F.R.D. at 674.

[40] *D'Alauro v. GC Services Limited Partnership*, 168 F.R.D. 451 (E.D.N.Y. 1996) (class certified regarding harassing and abusive debt collection letters).

[41] *Adames v. Mitsubishi Bank, LTD*, 133 F.R.D. 82, 90 (E.D.N.Y. 1989); *D'Alauro v. GC Services Limited Partnership*, 168 F.R.D. at 456.

consistent means of determining the legality of a form document challenged by all class members.[43] The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, efficiency, and economy.[44]

In so doing, a court must consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually."[45] Only by maintaining this litigation as a class action will such individuals receive the protections contemplated by law; accordingly, the failure to certify a class will result in a failure of justice.[46]

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied.[47]

---

[42] *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979); *Eovaldi v. First Nat. Bank of Chicago*, 57 F.R.D. 545, 547 (N.D.Ill. 1972).

[43] *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D. Ill. 1992).

[44] *See Id.* at 189; *D'Alauro v. GC Services Limited Partnership,* 168 F.R.D. at 458.

[45] *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974).

[46] *See Villareal v. Snow*, 1996 WL 28254, *6 (N.D. Ill. 1996) ("[m]ost of the proposed class members are likely to be individual consumers who are unaware of their rights under the FDCPA. Class actions in such cases are favored because even if aware of their rights, class members may lack the initiative to bring suits individually. . .")

[47] *In Re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D.Ill. 1977)(citations omitted).

11

Moreover, as the FDCPA's statutory scheme makes apparent, Congress specifically envisioned the class action as a principal enforcement mechanism for the FDCPA.[48]

Finally, no significant management problems are anticipated. Plaintiff's claim, presenting a straightforward question concerning the legality of a printed form and standardized practice, is significantly simpler than many other claims that are routinely certified as class actions, such as securities and price-fixing cases.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court certify this case as a class action and certify a class as follows:

The Class consists of all persons whom Defendant's records reflect resided in the in the United States, and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 16, 2005 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

Dated: Woodmere, New York
November 1, 2006

Respectfully submitted,

By:_____

Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
735 Central Avenue
Woodmere, New York 11598
(516) 791-4400

---

[48] *See* 15 U.S.C. § 1692(k)(a) and (b).

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN FAINBRUN | ) |
| | ) |
| Plaintiff, | ) |
| | ) 05 CV 4364 (DLI) |
| | ) |
| -against- | ) |
| | ) |
| | ) **FAINBRUN** |
| SOUTHWEST CREDIT, L.P. | ) **AFFIRMATION** |
| | ) |
| Defendant. | ) |

Jean Fainbrun affirms under penalties of perjury as follows:

1.      I am the plaintiff in the above captioned matter.

2.      I understand that this action was brought as a putative class action suit pursuant to the FDCPA.

3.      I received a collection letter from Southwest Credit, L.P. concerning an alleged debt owed to T-Mobile for a cellular telephone.

4.      I have brought this action alleging that certain language in the letter contains deceptive representations concerning how it is reported on my credit reports.

5.      I am aware that we are in the process of filing a motion in order to certify this matter as a class action suit and that I may be responsible for my pro rata share of the costs, meaning a small percentage of my attorney's costs, not fees, depending upon what the costs are and how many members there are, of which there are 20,000..

1

6.      My attorney has explained to me that he had a few decisions from Judge Sifton concerning the issue of the class representatives being responsible for some costs if the defendant prevails.

7.      As part of my responsibilities as a class representative, I also know I am to consider any settlement offers and have knowledge of the case.

9.      I understand that the defendant has not expressed an interest in resolving the matter, so that we are proceeding with this motion for class certification.

10.     I also understand that at the same time that we are submitting our legal arguments for our class certification motion, that we are also submitting written arguments in order to prevail on a motion for summary judgment.

11.     I understand that by making the motion for summary judgment, we may be able to prevail against the defendant without having to have a trial.

12.     I understand that if we win the case, I may be able to receive a maximum of $1,000.00 in statutory damages.

13.     I have not alleged any actual damages.

14.     I understand that the class of individuals which is 20,000 consumer could divide a maximum of up to 1% of the defendant's net worth or $500,000.00 whichever is less.

15.     I also understand that if we prevail, that the defendant will pay attorney's fees to my attorney, Adam J. Fishbein, either according to amount of hours he devotes to the matter or a percentage of the recovery for the class.

16.     I have reviewed a draft of the motions for class certification and summary judgment.

2

17.     I agree to have these motions filed, and hope that we prevail and that a class is

certified.

Dated: Brooklyn, New York
October __26__, 2006

_____
Jean Fainbrun

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

JEAN FAINBRUN

                                        Plaintiff,

                                                        05 CV 4364 (DLI)

        -against-

SOUTHWEST CREDIT SYSTEMS, L.P.

                                        Defendant.

---

## **ADAM J. FISHBEIN'S AFFIRMATION**

I declare under penalties of perjury the following.

1.      I am plaintiff's counsel.

2.      This affirmation is presented to the Court in conjunction with plaintiff's
        motion for class certification.

2.      I have been bringing suits under the Fair Debt Collection Practices Act
        for at least ten years.

3.      I have filed hundreds of FDCPA suits during that time period.

4.      I have had numerous decisions from Courts in the Eastern District of New
        York.

5.      In the past, I worked along with some class action firms from Chicago,
        Illinois who have established reputations in consumer class action
        litigation.

6.      I have also been approved as class counsel on my own as well.

Dated: Woodmere, New York
      November 1, 2006

Adam J. Fishbein (AF- 9508)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

JEAN FAINBRUN on behalf of himself
and all others similarly situated

Plaintiff,

-against-

SOUTHWEST CREDIT SYSTEMS, L.P.

Defendant.

------------------------------------------------------------

R E C E I V E D
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★  SEP 1 5 2005  ★

E N T E R E D

★ ———————— ★

# CV 05 4364

IRIZARRY, J.

## CLASS ACTION COMPLAINT       POHORELSKY, M.

### *Introduction*

1.    Plaintiff Jean Fainbrun seeks redress for the illegal practices of Southwest Credit

Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that defendant sought to collect from plaintiff is a consumer debt,

purportedly owed to T-Mobile.

4.    Upon information and belief, defendant is a foreign corporation with its principal place

of business is located in Plano, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Jean Fainbrun*

9. On information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On information and belief, on or about March 16, 2005 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes for cellular telephone service through T-Mobile.

11. Said letter states in pertinent part as follows: "Our records indicate that this debt remains unpaid. This shall serve as notification that unless you contact this office immediately to establish payment arrangements for payment, we will be required to proceed with collection efforts on your account. We have previously informed you that Southwest Credit has the right to report information regarding your account to all major

-2-

credit reporting agencies. Late payments, missed payments, or other defaults may be reflected on your credit report."

12. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10) for engaging in falsely threatening and deceptive practices and for stating false credit information.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

13. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if set forth fully in this cause of action.

14. This count is brought on behalf of plaintiff and the members of a class.

15. The Class consists of consumers who received the same form letter, as did the plaintiff.

16. The Class consists of all persons whom Defendant's records reflect resided in the State of New York or in the United States depending upon numerosity, and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 16, 2005 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

-3-

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

18.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

19.    Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

-4-

20.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class
      pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21.   Collection letters, such as those sent by the defendant are to be evaluated by the
      objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22.   The defendant's actions as set forth above in the within complaint violates the Fair Debt
      Collection Practices Act.

23.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff
      and the members of the class are entitled to damages in accordance with the Fair Debt
      Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf
of the members of the class, and against the defendant and award damages as follows:

   (a)   Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

   (b)   Attorney fees, litigation expenses and costs incurred in bringing this
         action; and

   (c)   Any other relief that this Court deems appropriate and just under the
         circumstances.

-5-

Dated: Woodmere, New York
      September 12, 2005

Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable

Adam J. Fishbein  (AF-9508)

-6-

SouthwestCredit

Date:       03-16-05
Creditor:   T MOBILE
Amt. Due:   $1,009.21
Acct. No.:  8437745 - 233063188
Telephone:  (800) 462-5894

#BWNCPPZ
#843774531928#
FAINBRUN JEAN
2328 E 66TH ST
BROOKLYN NY    11234-6326

Dear FAINBRUN JEAN,

Our records indicate that this debt remains unpaid. This shall serve as notification that unless you contact this office
immediately to establish arrangements for payment, we will be required to proceed with collection efforts on your account.
We have previously informed you that Southwest Credit has the right to report information regarding your account to all
major credit reporting agencies. Late payments, missed payments, or other defaults may be reflected on your credit report.

**Applicable state laws are printed on the back of this notice.**

We want to help and are willing to work with you, but you must contact our office immediately.  Avoid further collection
activity by enclosing your payment with the tear-off coupon below, or by contacting us to make payment arrangements on
your account. Full or partial payment can also be made through our website address at www.sw-credit.com.

Sincerely,
Southwest Credit Systems, L.P.

**This is an attempt to collect a consumer debt by a debt collector.
Any information obtained will be used for that purpose.**



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

\*\*\* PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT \*\*\*

For your protection and better service please:

1.  Do not send cash through the mail.
2.  Return this portion of the statement with your payment.
3.  Include account number on the check or money order.

Acct. No.: 8437745-233063188
Creditor:  T MOBILE
#BWNCPPZ
#843774531928#
FAINBRUN JEAN
2328 E 66TH ST
BROOKLYN NY    11234-6326

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | |
|---|---|---|
| CARD NUMBER | EXP. DATE | CHECK CARD USING FOR PAYMENT |
| SIGNATURE | | ☐ VISA  ☐ |
| ACCOUNT #:     DATE:        8437745-233063188     03-16-05 | | |
| PLEASE PAY THIS AMOUNT: $1,009.21 | | PAYMENT AMOUNT: $ |

Southwest Credit Systems, L.P.
5910 W Plano Parkway
Suite 100
Plano, TX 75093-4638

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
JEAN FAINBRUN, on behalf of himself
and all others similarly situated,                CV-05-4364

                    Plaintiff,

        -against-                                 ANSWER

SOUTHWEST CREDIT SYSTEMS, L.P.,                   (Irizarry, J.)
                                                  (Pohorelsky, M.J.)
                    Defendant.
-------------------------------------X

        Defendant, Southwest Credit Systems, L.P., by its
attorney Arthur Sanders, answers plaintiff's complaint as
follows:

  1. Defendant denies knowledge or information sufficient to
     form a belief with respect to the truth of the allegation
     contained in Paragraph "1" of the complaint.

  2. Defendant denies knowledge or information sufficient to
     form a belief with respect to the truth of the allegation
     contained in Paragraph "2" of the complaint.

  3. Defendant denies knowledge or information sufficient to
     form a belief with respect to the truth of the allegation
     contained in Paragraph "3" of the complaint.

  4. Defendant denies the allegation contained in Paragraph
     "4" of the complaint.

5. Defendant admits the allegations contained in Paragraph "5" of the complaint.

6. Defendant admits the allegations contained in Paragraph "6" of the complaint.

7. Defendant admits the allegation contained in Paragraph "7" of the complaint.

8. Defendant admits the allegation contained in Paragraph "8" of the complaint.

9. Defendant admits the allegations contained in Paragraph "9" of the complaint and all of its sub-paragraphs.

10. Defendant admits sending correspondence to the plaintiff but otherwise denies the allegation contained in Paragraph "10" of the complaint.

11. Defendant admits the allegation contained in Paragraph "11" of the complaint.

12. Defendant denies the allegation contained in Paragraph "12" of the complaint.

13. Defendant denies the allegation contained in Paragraph "13" of the complaint.

14. Defendant denies the allegation contained in Paragraph "14" of the complaint.

15. Defendant admits the allegation contained in Paragraph "15" of the complaint.

2

16. Defendant admits the allegation contained in Paragraph "16" of the complaint.

17. Defendant denies the allegation contained in Paragraph "17" of the complaint and all of its sub-paragraphs.

18. Defendant denies the allegation contained in Paragraph "18" of the complaint.

19. Defendant denies the allegation contained in Paragraph "19" of the complaint.

20. Defendant denies the allegation contained in Paragraph "20" of the complaint.

21. Defendant denies the allegation contained in Paragraph "21" of the complaint.

22. Defendant denies the allegation contained in Paragraph "22" of the complaint.

23. Defendant denies the allegation contained in Paragraph "23" of the complaint.


WHEREFORE, defendant, Southwest Credit Systems, L.P., requests Judgment dismissing the complaint with prejudice and denying all requested relief therein, together with such other and further relief as the Court deems just and proper, including costs and reasonable attorneys' fees.

3

Dated:   Spring Valley, New York
         October 18, 2005

                                    ARTHUR SANDERS, ESQ. (AS-1210)
                                    Attorney for defendant
                                    2 Perlman Drive - Suite 301
                                    Spring Valley NY   10977-5230
                                    845-352-7272

TO:
        Adam J. Fishbein, Esq.
        Attorney for plaintiff
        735 Central Avenue
        Woodmere NY 11598

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
JEAN FAINBRUN

                 Plaintiff,               05 CV 4364 (DLI)

           -against-

SOUTHWEST CREDIT SYSTEMS, L.P.

                Defendant.
-------------------------------------------x

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR ADMISSIONS, INTERROGATORIES, AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS

        Plaintiff hereby requests that each defendant respond to the following

requests for admissions, interrogatories and document requests.

        Unless otherwise specified in a particular paragraph, the time period

covered by this request is one year prior to the filing of the complaint to the present. If a

paragraph asks for information irrespective of date, this limitation does not apply.

        If you are declining to produce any document or respond to any paragraph

in whole or in part because of a claim of privilege, please: (a) identify the subject matter,

type (e.g., letter, memorandum), date, and author of the privileged communication or

information, all persons that prepared or sent it, and all recipients or addressees; (b)

identify each person to whom the contents of each such communication or item of

information have heretofore been disclosed, orally or in writing; (c) state what privilege

is claimed; and (d) state the basis upon which the privilege is claimed.

        If any document requested was, but no longer is, in your possession or

subject to your control, please state: (a) the date of its disposition; (b) the manner of its

disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of

the circumstances surrounding the disposition of the document.

1

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSIONS

1. Plaintiff resides in this District.

2. Defendant is a debt collector.

3. Defendant has sent more than 25 letters in the same form with the same standard language.

4. Defendant has sent more than 100 letters in the same form with the same standard language.

5. Defendant has sent more than 500 letters in the same form with the same standard language.

6. Since the sending of the letter at issue in the complaint, defendant did not report the account to any credit reporting agency.

7. Defendant does not report late payments to the credit reporting agencies.

8. Defendant does not report missed payments to the credit reporting agency.

9. Defendant did not proceed with collection efforts on the plaintiff's account subsequent to the March 16, 2005 letter sent to the plaintiff.

## INTERROGATORIES

1. State the name, address, title and job description of each office, director, partner, shareholder and employee of each defendant who authorized, approved, or was aware of the collection letters at issue.

2. Describe in detail the financial and business relationship(s) among

2

defendant and the creditor. Include in your answer the billing method, rate, frequency and media; expenses billed; funds remittance method, rate, frequency and media; the nature and extent of services rendered (e.g., letter only, letter followed by suit in what circumstances); fee arrangement for each identified type of service; any salary or retainer.

3. Describe, step-by-step, the process which resulted in the collection letters at issue being transmitted to plaintiff, beginning with the date and method of transmission of debtor information to the person that sent it, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

4. State by year the number of persons who (a) were from one year prior to the filing of the complaint, form letters prepared using the same form as the collection letters at issue allegedly owed money in connection non-business debts. Identify each such person.

5. State the net worth of the defendant and explain how it was calculated. Identify each asset and debit worth more than $5000.

6. Identify all partners, officers, directors, and shareholders of the defendant and state the offices and proportion of equity held by each.

7. If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

8. With respect to each expert whom you will or may call upon to give evidence in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the

3

substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

10.     Set forth the collection steps defendant undertakes for the underlying creditor at issue including a breakdown if the defendant engages in different collection steps depending upon the size of the debt.

11.     How many class members are there as referenced in the class definition in the complaint.

12.     At the time of the sending of the March 16, 2005 collection letter to the plaintiff, was the defendant licensed with the New York City Department of Consumer Affairs.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.     All documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to compliance with the Fair Debt Collection Practices Act, or state statute regulating debt collectors.

2.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, or collection practices generally.

3.     One copy of each different form letter defendant sent to debtors and specifically a copy or the form of the first collection letter sent to the plaintiff..

4.     All manuals, policy statements, guidelines and instructional materials furnished to employees that relate to the conduct of collection activities by either defendant.

5.     All documents relating to the maintenance by defendant of procedures adapted to avoid any violation of the Fair Debt Collection Practices Act.

6.     Defendant's annual financial statements, annual reports, semiannual and

4

quarterly financial statements and tax returns for the last three years.

7.     All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendants were accused of violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

8.     All documents (irrespective of date) relating to any claim made against defendants for violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

9.     All insurance policies that may afford coverage with respect to the matters complained of.

10.    The agreement(s) pursuant to which defendant sought to collect money from plaintiff.

11.    All documents (irrespective of date) which constitute or reflect communications between defendants and any Attorney General's office or other law enforcement, consumer protection or regulatory agency, relating to collection activities of defendants.

12.    All documents (irrespective of date) which constitute or reflect communications between defendants and private agencies that receive consumer complaints (such as a Better Business Bureau or newspaper column), relating to collection activities of defendant.

13.    All documents (irrespective of date) that discuss defendants' compliance or lack of compliance with the Fair Debt Collection Practices Act.

14.    All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff.

15.    All documents relating to plaintiff, or which are indexed, filed or retrievable under his name or any number, symbol, designation or code (such as an

5

account number or Social Security number) assigned to him or his transaction.

16.     An organizational chart for the defendant.

17.     Produce liability policies, coverage, type, policy number(s) of each liability insurance company.

18.     Produce each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

19.     Produce any notices that you have given any insurer regarding plaintiff's claims.

20.     Produce the terms of the agreement pursuant to which the defendant sought money from the plaintiff.

Dated: Woodmere, New York
February 23, 2006

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

## CERTIFICATE OF SERVICE

I, Adam J. Fishbein, hereby certify that on February 23, 2006 I served the within discovery requests upon the defendant as reflected below via facsimile:

Arthur Sanders, Esq. (via facsimile to 845-352-8131)

6

_____
Adam J. Fishbein  (AF-9508)

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JEAN FAINBRUN,                                          05 CV 4364 (DLI)

                    Plaintiff,

        - against -

SOUTHWEST CREDIT SYSTEMS, L.P.

                    Defendant.

- - - - - - - - - - - - - - - - - -X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR ADMISSIONS

        Defendant, Southwest Credit Systems, L.P., by its

attorney, Arthur Sanders, responds to plaintiff's first request

for admissions as follows:

1. Defendant has insufficient information to admit or deny.

2. Admits.

3. Admits.

4. Admits.

5. Admits.

6. Denies.

7. Denies.

8. Denies.

9. Denies.

Dated:    Spring Valley, New York
          May 30, 2006

                        _____
                        ARTHUR SANDERS, ESQ. (AS-1210)
                        Attorney for defendant
                        2 Perlman Drive - Suite 301
                        Spring Valley NY 10977-5230
                        845-352-7272


TO:  Adam J. Fishbein (AF-9508)
     Attorney for plaintiff
     735 Central Avenue
     Woodmere NY 11598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JEAN FAINBRUN,                                    05 CV 4364 (DLI)

                    Plaintiff,

         - against -

SOUTHWEST CREDIT SYSTEMS, L.P.,

                    Defendant.

- - - - - - - - - - - - - - - - - -X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR INTERROGATORIES

Defendant, Southwest Credit Systems, L.P., by its

attorney, Arthur Sanders, responds to plaintiff's first request

for interrogatories as follows:

1.    State the name, address, title and job description of
each office, director, partner, shareholder and employee of each
defendant who authorized, approved, or was aware of the
collection letters at issue.

RESPONSE:    Jeff Hurt, CEO of defendant, authorizes and approves
all letters.    All of defendant's employees are aware of the
collection letters used by the defenda.

2.  Describe    in    detail    the    financial    and    business
relationship(s) among defendant and the creditor.    Include in
your answer the billing method, rate, frequency and media;
expenses billed; funds remittance method, rate, frequency and
media; the nature and extent of services rendered (e.g., letter
only, letter followed by suit in what circumstances); fee
arrangement for each identified type of service; any salary or
retainer.

RESPONSE: Defendant is a third-party debt collector. It handled plaintiff's account along with thousands of other accounts on a contingency fee basis. Defendant sends letters and attempts phone calls in order to collect the amount due. It also reports to the credit bureaus.

3. Describe, step-by-step, the process which resulted in the collection letters at issue being transmitted to plaintiff, beginning with the date and method of transmission of debtor information to the person that sent it, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

RESPONSE: Defendant receives an electronic spreadsheet and loads the information provided to it by its creditor client into its computer system. A demand letter is immediately generated. Further action is contingent upon the response received from the debtor, as well as the amount of the claim and the identity of the creditor.

4. State by year the number of persons who (a) were from one year prior to the filing of the complaint, form letters prepared using the same form as the collection letters at issue allegedly owed money in connection non-business debts. Identify each such person.

RESPONSE: Twenty thousand (20,000) people receive the same form letter between September 14, 2004 and September 14, 2005.

5. State the net worth of the defendant and explain how it was calculated. Identify each asset and debit worth more than $5,000.00.

RESPONSE: Defendant objects to this interrogatory request as the answer is not calculated to lead to the production of any admissible evidence.

6. Identify all partners, officers, directors, and shareholders of the defendant and state the offices and proportion of equity held by each.

RESPONSE: Officers are as follows:

      a) Jeff Hurt, CEO, Secretary, Treasurer, Director;
      b) Keith Jones, President, Assistant Secretary, Director;
      c) Joe Longbotham, Vice-President, Assistant Secretary, Director.

7. If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

RESPONSE: Defendant did report plaintiff's account to a credit reporting agency and did proceed with collection efforts.

8. With respect to each expert whom you will or may call upon to give evidence in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

RESPONSE: Not applicable.

9. There is no interrogatory number "9".

10. Set forth the collection steps defendant undertakes for the underlying creditor at issue including a breakdown if the defendant engages in different collection steps depending upon the size of the debt.

RESPONSE: See defendant's responses to Interrogatories "2" and "3".

11. How many class members are there as referenced in the class definition in the complaint.

RESPONSE: There are no class members referenced in the complaint. As was previously indicated, 20,000 letters were sent in the same form as the exhibit attached to the complaint.

12. At the time of the sending of the March 16, 2005 collection letter to the plaintiff, was the defendant licensed with the New York City Department of Consumer Affairs.

RESPONSE: Yes, defendant was licensed with the New York City Department of Consumer Affairs.

Dated:   Spring Valley, New York
         May 30, 2006

                                        ARTHUR SANDERS, ESQ. (AS-1210)
                                        Attorney for defendant
                                        2 Perlman Drive - Suite 301
                                        Spring Valley NY 10977-5230
                                        845-352-7272

TO:  Adam J. Fishbein (AF-9508)
     Attorney for plaintiff
     735 Central Avenue
     Woodmere NY 11598

1

1.

2       UNITED STATES DISTRICT COURT

3       EASTERN DISTRICT OF NEW YORK

4       - - - - - - - - - - - - - - - - - - - - - - - -x

5       JEAN FAINBRUN,

6                                       Plaintiff,

7                       -against-

8       SOUTHWEST CREDIT SYSTEMS, LP,

9                                       Defendant.

10      - - - - - - - - - - - - - - - - - - - - - - - -x

11                                      735 Central Avenue

                                        Woodmere, New York

12

                                        September 14, 2006

13                                      4:30 p.m.

14

15

16              DEPOSITION of JEFF HURT, a witness on

17      behalf of SOUTHWEST CREDIT SYSTEMS, LP, the

18      Defendant herein, held at the above time and

19      place, taken before Karen Zammit, a Shorthand

20      Reporter and Notary Public of the State of New

21      York, pursuant to Rule 26 et seq. of the Federal

22      Rules of Civil Procedure and stipulations between

23      Counsel.

24

25                      *       *       *

1.

2      APPEARANCES:

3

           ALAN J. FISHBEIN, P.C.

4                 Attorney for Plaintiff

                 735 Central Avenue

5                 Woodmere, New York 11598

6

7           ARTHUR SANDERS, ESQ.

                 Attorney for Defendant

8                 2 Perlman Drive

                 Spring Valley, New York 10977

9

                 *    *    *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1

2 **STIPULATIONS**

3 IT IS HEREBY STIPULATED AND AGREED, by and

4 among counsel for the respective parties hereto,

5 that the filing, sealing and certification of the

6 within deposition shall be and the same are

7 hereby waived;

8 IT IS FURTHER STIPULATED AND AGREED that

9 all objections, except as to form of the

10 question, shall be reserved to the time of the

11 trial;

12 IT IS FURTHER STIPULATED AND AGREED that

13 the within deposition may be signed before any

14 Notary Public with the same force and effect as

15 if signed and sworn to before the Court.

16 IT IS FURTHER STIPULATED AND AGREED that

17 counsel shall furnish counsel for the witness

18 with a copy of the within deposition without

19 charge.

20 *      *      *

21

22

23

24

25

```
                                                           4
 1
 2          J E F F   H U R T, the witness herein, having
 3     first been duly sworn by the Notary Public, was
 4     examined and testified as follows:
 5     EXAMINATION BY MR. FISHBEIN:
 6          Q         What is your name?
 7          A         Jeff Hurt.
 8          Q         What is your business address?
 9          A         59-10 West Plano Parkway, Plano,
10     Texas 75093.
11          Q         Mr. Hurt, have you ever had your
12     deposition taken before?
13          A         Yes.
14          Q         I guess you are familiar with the
15     procedure then?
16          A         Yes.
17          Q         Have you had your deposition taken
18     before as a representative of Southwest Credit
19     Systems?
20          A         No.
21          Q         Would you happen to know, has
22     Southwest Credit Systems been sued other than my
23     action, has Southwest Credit Systems been sued
24     under the Fair Debt Collection Practices Act?
25          A         Yes.
```

5

1                         J. Hurt

2          Q        Have any of those matters been

3      resolved?

4          A        Yes.

5          Q        Can you tell me how many times it

6      was sued?

7          A        Over what period of time?

8          Q        Let's say in the last two years.

9          A        I would have to look at my records,

10     but I would estimate ten to 15.

11         Q        Was there ever a finding of

12     liability by a judge against Southwest Credit

13     Systems?

14         A        No.

15         Q        You have stated in the Responses to

16     Interrogatories and Responses to Requests for

17     Admissions that the defendant does report to the

18     credit bureaus; is that correct?

19         A        Yes.

20         Q        Which ones does it report to?

21         A        The three major ones.

22         Q        Do you have agreements with those

23     credit reporting agencies?

24         A        Could you expand the question.

25         Q        Some type of written agreement as

6

1                         J. Hurt

2          to what they'll do for you and what you will do

3          -- what your responsibilities are and what their

4          responsibilities are under a contract?

5                  A        I don't have personal knowledge of

6          that.

7                  Q        Are you aware of if those

8          agreements do exist?

9                  A        I don't have personal knowledge of

10         that.

11                 Q        What information do you report to

12         the credit bureaus concerning a debt that is

13         being collected by Southwest Credit Systems?

14                 A        Are you talking in general, as a

15         general proposition?

16                 Q        I guess for now we can limit it to

17         T-Mobil.

18                 A        Okay.  What was the question?

19                 Q        What information do you report to

20         the crest bureau concerning T-Mobil accounts?

21                 A        I don't have that information in

22         front of me, but we report the balance, the debt,

23         the status, we report monthly.

24                 Q        What do you mean by reporting the

25         status?

1          J. Hurt

2          A        The status of the account, for

3     example, disputed or open collections, paid.

4          Q        Any accounts that you have from

5     T-Mobil, do you ever enter into any payment

6     arrangements with the debtors?

7          A        Yes.

8          Q        Meaning where, just to clarify,

9     that a debtor will pay the balance or a portion

10    of the balance as a settlement over time?

11         A        Yes.

12         Q        If you enter into a payment or a

13    settlement agreement where the debt is paid over

14    time is that reflected on the credit reports?

15         A        Yes.

16         Q        How is that reflected?

17         A        We report the status, the balance

18    and the date.

19         Q        The date of what?

20         A        The date we report what the balance

21    is.

22         Q        On a particular date you report

23    what the balance is; is that correct?

24         A        Yes.

25         Q        Do you report that the matter has

8

1                         J. Hurt

2      been settled on a payment plan or you just update

3      the report as the balance gets lower and lower?

4              A       We update the current balance at

5      the time of reporting.

6              Q       If a debtor breaches the settlement

7      agreement is that somehow reflected on the

8      report?

9              A       We continue to show collections.

10             Q       Let say if a debtor is late on a

11     payment will the credit report reflect that the

12     debtor was late on a payment?

13             A       No, we don't have the ability.  We

14     are not the original creditor.

15             Q       That would be the same for missed

16     payments, they would also not be reported?

17             A       Yes.

18             Q       Just referring your attention, I am

19     sure you know the text of the collection letter

20     as the interrogatory number one states that you

21     authorize and approve the letters, the last

22     sentence of the first paragraph of the collection

23     letter states, "late payments, missed payments,

24     or other defaults may be reflected on your credit

25     report."

9

1    J. Hurt

2              What does it mean by other defaults

3    may be reflected on your credit report?

4         A    Failure to pay.

5         Q    Failure to pay would be considered

6    a default that may be reflected on the credit

7    report.  Failure to pay, is that considered the

8    initial reporting of the debt that the consumer

9    has failed to pay the debt and therefore that's

10   why it is on the report?

11        A    Yes.

12        Q    That would be the only circumstance

13   of reporting a default on the credit report?

14        A    I am not sure I understand the

15   question.

16             MR. SANDERS:  Could you perhaps

17        rephrase it.  I am not understanding what

18        you are asking the witness.

19             MR. FISHBEIN:  Okay.  Please read

20        back the question.

21             [Whereupon, the requested portion

22        of the record was hereby read by the

23        reporter.]

24        Q    Is failure to pay the only default

25   that may be reflected on the credit report?

10

| 1 | J. Hurt |
| 2 | A       Yes. |
| 3 | Q       That failure to pay, is that |
| 4 | failure to pay equivalent to the initial |
| 5 | reporting of the debt by your company to the |
| 6 | credit bureaus? |
| 7 | A       Please repeat that. |
| 8 | Q       After the debt is initially |
| 9 | reported to the credit bureaus is there some type |
| 10 | of indication of failure to pay that is reported |
| 11 | to the credit bureaus after it is initially |
| 12 | reported to the credit bureaus? |
| 13 | A       Yes. |
| 14 | Q       What would that be? |
| 15 | A       We update the bureau and it updates |
| 16 | the balance.  If there was a change in balance it |
| 17 | would be reflected on the new update.  For this |
| 18 | particular client there was not a payment made, |
| 19 | so I am not sure where we are going. |
| 20 | Q       Does Southwest Credit Systems keep |
| 21 | financial records concerning what its net worth |
| 22 | is? |
| 23 | A       Yes. |
| 24 | Q       In your Response to Interrogatories |
| 25 | number four you stated in the relevant class |

11

```
 1           J. Hurt

 2       period that 20,000 people receive the same form

 3       letter.  Are you able to produce those names and

 4       addresses?

 5           A       I would have to research that.

 6                   MR. FISHBEIN: Okay.

 7                   I have no further questions.  Thank

 8       you very much.

 9                   [Whereupon, the examination of the

10       witness was concluded at 4:40 p.m.]

11

12                   _____

                                JEFF HURT

13

         Subscribed and sworn to

14       before me this _____ day

         of _____, 2006.

15

         _____

16              Notary Public

17

18

19

20

21

22

23

24

25
```

1  
2                    CERTIFICATION

3        STATE OF NEW YORK )

                        : SS.:

4        COUNTY OF NASSAU  )

5

6              I,   KAREN ZAMMIT, a Notary Public for and

7        within the State of New York, do hereby certify:

8              That the witness(es) whose testimony as

9        herein set forth, was duly sworn by me; and that

10       the within transcript is a true record of the

11       testimony given by said witness(es).

12             I further certify that I am not related to

13       any of the parties to this action by blood or

14       marriage, and that I am in no way interested in

15       the outcome of this matter.

16             IN WITNESS WHEREOF, I have hereunto set my

17       hand this 15th day of September, 2006.

18

19

                        *Karen Zammit*

20                      KAREN ZAMMIT

21

22

23                        *    *    *

24

25

13

                        E R R A T A    S H E E T


        PAGE   LINE    CHANGE FROM        CHANGE TO


        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------

        ----:-----     ------------     ----------------



        ----------------          ------------------------

        Date                          JEAN FAINBRUN


        Sworn to before me this _____

        day of _____, 2004.


        _____

        (Notary Public)

**A**
ability 8:13
able 11:3
account 7:2
accounts 6:20 7:4
Act 4:24
action 4:23 12:13
address 4:8
addresses 11:4
Admissions 5:17
agencies 5:23
AGREED 3:3,8,12
  3:16
agreement 5:25 7:13
  8:7
agreements 5:22 6:8
ALAN 2:3
APPEARANCES
  2:2
approve 8:21
arrangements 7:6
ARTHUR 2:7
asking 9:18
attention 8:18
Attorney 2:4,7
authorize 8:21
Avenue 1:11 2:4
aware 6:7

**B**
back 9:20
balance 6:22 7:9,10
  7:17,20,23 8:3,4
  10:16,16
behalf 1:17
blood 12:13
breaches 8:6
bureau 6:20 10:15
bureaus 5:18 6:12
  10:6,9,11,12
business 4:8

**C**
Central 1:11 2:4
certification 3:5

12:2
certify 12:7,12
change 10:16 13:4,4
charge 3:19
circumstance 9:12
Civil 1:22
clarify 7:8
class 10:25
client 10:18
collected 6:13
collection 4:24 8:19
  8:22
collections 7:3 8:9
company 10:5
concerning 6:12,20
  10:21
concluded 11:10
considered 9:5,7
consumer 9:8
continue 8:9
contract 6:4
copy 3:18
correct 5:18 7:23
counsel 1:23 3:4,17
  3:17
COUNTY 12:4
Court 1:2 3:15
credit 1:8,17 4:18,22
  4:23 5:12,18,23
  6:12,13 7:14 8:11
  8:24 9:3,6,13,25
  10:6,9,11,12,20
creditor 8:14
crest 6:20
current 8:4

**D**
date 7:18,19,20,22
  13:19
day 11:14 12:17
  13:21
debt 4:24 6:12,22
  7:13 9:8,9 10:5,8
debtor 7:9 8:6,10,12
debtors 7:6

default 9:6,13,24
defaults 8:24 9:2
defendant 1:9,18 2:7
  5:17
deposition 1:16 3:6
  3:13,18 4:12,17
disputed 7:3
DISTRICT 1:2,3
Drive 2:8
duly 4:3 12:9

**E**
E 4:2 13:2,2,2
EASTERN 1:3
effect 3:14
enter 7:5,12
equivalent 10:4
ESQ 2:7
estimate 5:10
et 1:21
examination 4:5
  11:9
examined 4:4
example 7:3
exist 6:8
expand 5:24

**F**
F 4:2,2
failed 9:9
failure 9:4,5,7,24
  10:3,4,10
FAINBRUN 1:5
  13:19
Fair 4:24
familiar 4:14
Federal 1:21
filing 3:5
financial 10:21
finding 5:11
first 4:3 8:22
FISHBEIN 2:3 4:5
  9:19 11:6
follows 4:4
force 3:14

form 3:9 11:2
forth 12:9
four 10:25
front 6:22
furnish 3:17
further 3:8,12,16
  11:7 12:12

**G**
general 6:14,15
given 12:11
going 10:19
guess 4:14 6:16

**H**
H 4:2 13:2
hand 12:17
happen 4:21
held 1:18
hereto 3:4
hereunto 12:16
Hurt 1:16 4:7,11 5:1
  6:1 7:1 8:1 9:1
  10:1 11:1,12

**I**
indication 10:10
information 6:11,19
  6:21
initial 9:8 10:4
initially 10:8,11
interested 12:14
Interrogatories 5:16
  10:24
interrogatory 8:20

**J**
J 2:3 4:2 5:1 6:1 7:1
  8:1 9:1 10:1 11:1
JEAN 1:5 13:19
Jeff 1:16 4:7 11:12
judge 5:12

**K**
Karen 1:19 12:6,20
keep 10:20

**know** 4:21 8:19
**knowledge** 6:5,9

**L**
**late** 8:10,12,23
**letter** 8:19,23 11:3
**letters** 8:21
**Let's** 5:8
**liability** 5:12
**limit** 6:16
**LINE** 13:4
**look** 5:9
**lower** 8:3,3
**LP** 1:8,17

**M**
**major** 5:21
**marriage** 12:14
**matter** 7:25 12:15
**matters** 5:2
**mean** 6:24 9:2
**Meaning** 7:8
**missed** 8:15,23
**monthly** 6:23

**N**
**name** 4:6
**names** 11:3
**NASSAU** 12:4
**net** 10:21
**new** 1:3,11,20 2:5,8
  10:17 12:3,7
**Notary** 1:20 3:14 4:3
  11:16 12:6 13:23
**number** 8:20 10:25

**O**
**objections** 3:9
**Okay** 6:18 9:19 11:6
**ones** 5:20,21
**open** 7:3
**original** 8:14
**outcome** 12:15

**P**
**PAGE** 13:4

**paid** 7:3,13
**paragraph** 8:22
**Parkway** 4:9
**particular** 7:22
  10:18
**parties** 3:4 12:13
**pay** 7:9 9:4,5,7,9,24
  10:3,4,10
**payment** 7:5,12 8:2
  8:11,12 10:18
**payments** 8:16,23
  8:23
**people** 11:2
**period** 5:7 11:2
**Perlman** 2:8
**personal** 6:5,9
**place** 1:19
**Plaintiff** 1:6 2:4
**plan** 8:2
**Plano** 4:9,9
**Please** 9:19 10:7
**portion** 7:9 9:21
**Practices** 4:24
**procedure** 1:22 4:15
**produce** 11:3
**proposition** 6:15
**Public** 1:20 3:14 4:3
  11:16 12:6 13:23
**pursuant** 1:21
**P.C** 2:3
**p.m** 1:13 11:10

**Q**
**question** 3:10 5:24
  6:18 9:15,20
**questions** 11:7

**R**
**R** 4:2 13:2,2
**read** 9:19,22
**receive** 11:2
**record** 9:22 12:10
**records** 5:9 10:21
**referring** 8:18
**reflect** 8:11

**reflected** 7:14,16 8:7
  8:24 9:3,6,25
  10:17
**related** 12:12
**relevant** 10:25
**repeat** 10:7
**rephrase** 9:17
**report** 5:17,20 6:11
  6:19,22,23 7:17,20
  7:22,25 8:3,8,11
  8:25 9:3,7,10,13
  9:25
**reported** 8:16 10:9
  10:10,12
**reporter** 1:20 9:23
**reporting** 5:23 6:24
  8:5 9:8,13 10:5
**reports** 7:14
**representative** 4:18
**requested** 9:21
**Requests** 5:16
**research** 11:5
**reserved** 3:10
**resolved** 5:3
**respective** 3:4
**Response** 10:24
**Responses** 5:15,16
**responsibilities** 6:3
  6:4
**Rule** 1:21
**Rules** 1:22

**S**
**S** 13:2
**SANDERS** 2:7 9:16
**sealing** 3:5
**sentence** 8:22
**September** 1:12
  12:17
**seq** 1:21
**set** 12:9,16
**settled** 8:2
**settlement** 7:10,13
  8:6
**Shorthand** 1:19

**show** 8:9
**signed** 3:13,15
**Southwest** 1:8,17
  4:18,22,23 5:12
  6:13 10:20
**Spring** 2:8
**SS** 12:3
**State** 1:20 12:3,7
**stated** 5:15 10:25
**states** 1:2 8:20,23
**status** 6:23,25 7:2,17
**STIPULATED** 3:3
  3:8,12,16
**stipulations** 1:22 3:2
**Subscribed** 11:13
**sued** 4:22,23 5:6
**sure** 8:19 9:14 10:19
**sworn** 3:15 4:3
  11:13 12:9 13:21
**Systems** 1:8,17 4:19
  4:22,23 5:13 6:13
  10:20

**T**
**T** 4:2 13:2,2
**taken** 1:19 4:12,17
**talking** 6:14
**tell** 5:5
**ten** 5:10
**testified** 4:4
**testimony** 12:8,11
**Texas** 4:10
**text** 8:19
**Thank** 11:7
**three** 5:21
**time** 1:18 3:10 5:7
  7:10,14 8:5
**times** 5:5
**transcript** 12:10
**trial** 3:11
**true** 12:10
**two** 5:8
**type** 5:25 10:9
**T-Mobil** 6:17,20 7:5

| | | | |
|---|---|---|---|
| **U** | **20,000** 11:2 | | |
| **U** 4:2 | **2004** 13:21 | | |
| **understand** 9:14 | **2006** 1:12 11:14 | | |
| **understanding** 9:17 | 12:17 | | |
| **UNITED** 1:2 | **26** 1:21 | | |
| **update** 8:2,4 10:15 | | | |
| 10:17 | **4** | | |
| **updates** 10:15 | **4:30** 1:13 | | |
| | **4:40** 11:10 | | |
| **V** | | | |
| **Valley** 2:8 | **5** | | |
| | **59-10** 4:9 | | |
| **W** | | | |
| **waived** 3:7 | **7** | | |
| **way** 12:14 | **735** 1:11 2:4 | | |
| **West** 4:9 | **75093** 4:10 | | |
| **WHEREOF** 12:16 | | | |
| **witness** 1:16 3:17 | | | |
| 4:2 9:18 11:10 | | | |
| 12:16 | | | |
| **witness(es)** 12:8,11 | | | |
| **Woodmere** 1:11 2:5 | | | |
| **worth** 10:21 | | | |
| **written** 5:25 | | | |
| | | | |
| **X** | | | |
| **x** 1:4,10 | | | |
| | | | |
| **Y** | | | |
| **years** 5:8 | | | |
| **York** 1:3,11,21 2:5,8 | | | |
| 12:3,7 | | | |
| | | | |
| **Z** | | | |
| **Zammit** 1:19 12:6 | | | |
| 12:20 | | | |
| | | | |
| **1** | | | |
| **10977** 2:8 | | | |
| **11598** 2:5 | | | |
| **14** 1:12 | | | |
| **15** 5:10 | | | |
| **15th** 12:17 | | | |
| | | | |
| **2** | | | |
| **2** 2:8 | | | |