UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEAN FAINBRUN,

                         Plaintiff,

        - v -

SOUTHWEST CREDIT SYSTEMS, L.P.,

                         Defendant.
------------------------------------------------------------x

**ORDER DECERTIFYING CLASS**

CV-05-4364 (VVP)

        The plaintiff and the defendant have moved, jointly, to decertify the class previously certified by the court in this Fair Debt Collection Practices Act ("FDCPA") case. For the reasons below, the motion is granted.

        This action involves a form letter sent by the defendant to the plaintiff and some 140,000 other people in an effort to collect debts allegedly owed by them. Upon cross-motions for summary judgment before the matter was reassigned to me, Judge Irizarry found that the letter contained a threat and a false representation, each of which constituted a violation of the FDCPA. Judge Irizarry therefore granted the plaintiff's motion and denied the defendant's cross-motion on the issue of liability. At the same time, Judge Irizarry granted the plaintiff's motion for class certification, finding that the four prerequisites for certification set forth in Rule 23(a) had been satisfied, and that certification was permitted under Rule 23(b)(3). See Mem. & Order, Sept. 25, 2007. The financial ramifications of certification – which is the principal consideration upon which this decertification motion rests – were not presented to Judge Irizarry, and therefore were not considered by her.

        Following certification, counsel for the parties learned that funds available for recovery by the class were extremely limited. Under the FDCPA, damages in a class action are limited to

> (i) such amount for each named plaintiff as could be recovered under
> subparagraph (A), and (ii) such amount as the court may allow for all other class
> members, without regard to a minimum individual recovery, not to exceed the
> lesser of $500,000 or 1 per centum of the net worth of the debt collector.

15 U.S.C. § 1692k(a)(2)(B). The net worth of the defendant here, as established by an audited financial statement, totals just over $5,000.[1] Thus, the amount available for distribution to the class is slightly more than $50. With over 20,000 class members in New York alone, and some 140,000 class members nationwide, the distribution would amount to an undistributable amount far less than 1¢ per class member. By contrast, the cost of mailing notice might well exceed $100,000 if mailed to all 140,000 class members nationwide.

A number of courts have recognized that a *de minimis* recovery serves as grounds for denying certification at the outset, or for decertifying a class once certification has occurred. *See, e.g., Leyse v. Corporate Collection Serivces, Inc.*, No. 03 Civ. 8491, 2006 WL 2708451, *9 at n.5 (S.D.N.Y. Sept. 18, 2006); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 570 (D. Minn. 2003); *Gradisher v. Check Enforcement Unit, Inc.*, 209 F.R.D. 392, 393 (W.D. Mich. 2002); *Daenzer v. Wayland Ford, Inc.*, 210 F.R.D. 202, 205 (W.D. Mich. 2002); *Lyles v. Rosenfeld Attorney Network*, No. 199CV322-D-A, 2000 WL 798824, *7 (N.D. Miss. May 17, 2000). Here, where there is literally no way to distribute any recovery to the class, the court can no longer maintain a finding that this class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

---

[1] The defendant's audited financial statement is annexed to the affidavit of Jeff A. Hurt, submitted in support of the motion, and reflects statements of condition as of December 31, 2006 and 2005. After adjusting the balance sheets to eliminate goodwill, *see Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000), total assets exceeded total liabilities by $5,118 at the end of 2006. Figures are not yet available for 2007.

Accordingly, for the foregoing reasons, the joint motion for decertification must be, and it hereby is, GRANTED.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
March 18, 2008